## MOORE v. GAMMEL.

Where property owned by one man is seized on an execution against another, the owner may either interpose his claim under the statute, or he may resort to his Common Law right, and sue the Sheriff, or the plaintiff, if the plaintiff had caused the seizure to be made. But he cannot pursue both the statutory and Common Law remedy; nor, after electing the statutory remedy, can he abandon it and resort to the other, if objection be properly made.

Where the defendant "accepted service of the within interrogatories and waived the five days' notice of copies of notice and interrogatories," it was held that the commission issued properly on the same day.

Appeal from Fayette. The defendant accepted service of the interrogatories as follows: "I hereby accept service of the "within interrogatories, and waive the five days' notice of "copies of notice and interrogatories."

*Webb & Harcourt*, for appellant.

LIPSCOMB, J. This suit was brought by the appellee against the appellant, for levying on and selling certain rifle guns on an execution against one Shearn, which plaintiff alleges to have been his property. The defendant demurred to the petition which was overruled by the Court, and this decision, on the demurrer, constitutes the ground of the first assignment of error.

There is no question, that at Common Law the facts charged in the petition would form a ground of action in favor of the owner of property so seized and sold. But the appellants' counsel contend that the Common Law has been changed by our statute authorizing a claimant of property levied to have his claim tried before the property is sold, on his filing his claim and giving bond as directed by the statute; and they claim to have the decision of this Court, in favor of their position, in the case of Vickery v. Ward, 2 Tex. R. 212. In that case, a claim to the property had been interposed, and a bond given to try the right of property, and the execution had been arrested, the claimant then filed his petition as in an original action, instead of after the Sheriff had returned the claim and bond to the Court from whence execution had issued and having the issue made up under the statute. The defendant made no objection to the suit going on as an original suit. The Court commenting upon the non-conformity with the statutes, say, "That the statutory mode is the most simple and least "expensive, there can be no doubt; and had the defendant in "this suit, who was the plaintiff in the execution, taken ex-"ception to the suit, the exception would have been sustained." And the reason is obvious enough, that it was because the proceedings having been commenced by the interposer of the claim, and bond given, that arrested the execution under the statute, the trial then should also have been under the statute. And the inference cannot be fairly drawn from the language of the Court, that the right of the claimant could not be as-

serted as a Common Law right, but that if not pursued according to the terms of the statute, the remedy would be lost. Nothing was meant by the decision but what is clearly expressed, that after proceeding so far under the statute, he ought not to be allowed to proceed by an original action. The same opinion on such irregular proceedings was expressed in the opinion of the Court in the case of Bennett v. Gamble, Adm'r, 1 Tex. R. 124. When property owned by one man is seized on an execution against another, the owner may either interpose his claim under the statute, or he may resort to his Common Law right, and sue the Sheriff, or the plaintiff if the plaintiff had caused the seizure to be made. And although it would be more summary and less expensive to proceed under the statute, it would not always be in the power of the owner to proceed in that way. The claim may be honest and lawful, and yet it might frequently be the case, that the claimant would not have it in his power to take that course, on account of his inability to give bond and security required by the statute. The claim being a good cause of action and not prohibited from being sought by an original suit, the Court below did not err in overruling the demurrer.

The remaining question raised by the second assignment can be easily disposed of. The consent of the party clearly waives a copy of the interrogatories filed, and also the time they should remain in the office before the commission issued. He may have acted imprudently in not referring the matter to his counsel, but that he had the power to make the consent, and to waive these matters cannot be doubted. And if he has suffered prejudice by so doing, the fault is neither in the law, nor can it be charged to his counsels, but the fault and loss must be attributed to himself.

There is no error in the judgment and it is affirmed.

Judgment affirmed.