## E. A. McDUFFIE v. E. M. GREENWAY.

A marriage contract, not properly recorded in this state, is not admissible in evidence, upon proof, by the subscribing witness, that the instrument shown him is a correct copy of the original contract executed by the parties, and attested by him as a witness.

Nor can such copy be given in evidence, unless authenticated and filed as provided by the statute.

The original contract, though properly proved and recorded in the state where executed, is not thereby rendered admissible in evidence here; nor will a certified copy from the record there, which has been recorded here, be admissible as primary evidence.

It is a rule, founded in sound policy, that a husband, although his interest may be adverse to that of his wife, is not a competent witness to establish a marriage contract, or other fact, in her favor.

On the trial of a suit to determine the right of property in goods taken in execution, the claimant, although the burden of proof is upon her, cannot, at her election, take a nonsuit.

Where property *in the possession of husband and wife*, is levied upon by virtue of an execution against the husband, and the wife interposes a claim to try the right of property thereto, the burden of proof is upon her.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

This was a suit to try the right of property in a wagon, two yoke of oxen, and a horse, levied on under an execution in favor of the appellee, E. M. Greenway, against N. K. McDuffie, and claimed by his wife, E. A. McDuffie, the appellant, as her separate property.

The return of the officer did not state in whose possession the property was found at the time of the levy, nor did the statement of facts show what evidence was offered as to this point; but from a bill of exceptions taken by the claimant, to the ruling of the court, adjudging the burden of proof to be upon her, it appeared, that "the property was found in possession of the husband and wife."

Upon the trial, the claimant offered to read in evidence, the original marriage contract between himself and the defendant

in execution, executed in the county of Bladen, in the State of North Carolina, on the 18th of February, 1856, and attested by John A. Richardson ; and also the endorsements thereon, as follows, to wit:

" *County Clerk's Office,*
" Feb'y 26th, 1856.

" Now is the execution of this instrument of writing duly proven before me, by the oath of J. A. Richardson, a subscribing witness, and ordered to be recorded.
" Teste, F. F. CUMMING, *Cl'k.*"

" Rec'd the within for registration, the 28th Feb'y, 1856.
" DURRUM LEWIS, *Reg.*"

" Registered in the register's office of Bladen county, in Book T, page 539, the 29th day of February, A. D. 1856.
" DURRUM LEWIS, *Reg'r.*"

She also, for the purpose of proving the execution of the said marriage contract, offered in connexion therewith, the deposition of John A. Richardson, the subscribing witness, containing a copy of the said contract. The seventh interrogatory and his answer thereto were as follows, to wit:

" Interrogatory 7. Please examine the annexed copy of marriage contract, and state whether it is the same executed by said N. K. McDuffie and Eliza A. McDuffie before marriage, and referred to hereinbefore ; and if so, write your name across the same, and the date of the taking of this deposition."

" Answer 7. I have examined the contract annexed to the commission and interrogatories in this case, and I have compared it with my recollection of the substance of the one which I witnessed, and with the one recorded and registered in the register's office in this, Bladen county ; and I say, that it is the same executed by N. K. McDuffie and Eliza A. McDuffie before their marriage, which I witnessed ; I proved it, by my oath, as

McDuffie v. Greenway.

subscribing witness, in due accordance with law, on the 26th day of February, A. D. 1856; and it was thereupon and on that day registered."

To the reading of this deposition, the plaintiff in execution objected, on the ground, that the said marriage contract was neither recorded nor proved for record; and that the said deposition did not contain the original contract. The court sustained the objection, and ruled out the deposition.

The claimant then offered to prove the execution of the said marriage contract, by the defendant in execution, to which the plaintiff in execution objected, on the ground that the said witness was the husband of the claimant. The court sustained the objection, and rejected the witness.

The claimant then offered the said contract, and the indorsements thereon, as an instrument properly proved for record and recorded in the state of North Carolina; to which the plaintiff in execution again objected, because the same was not proved for record in the state of Texas; and the court sustained the objection.

The claimant then offered in evidence a certified copy of the said contract, recorded in the county clerk's office of Victoria county, State of Texas, on which were the following indorsements, to wit:—

"*County Clerk's Office*,
"Feb'y 26th, 1856.

"Now is the execution of this instrument of writing duly proven before me, by the oath of J. A. Richardson, a subscribing witness, and ordered to be recorded.
"Teste,        F. F. CUMMING, *Cl'k.*"

"I do certify that the foregoing is a true and perfect copy from the records of the Register's office of Bladen county. Given under my hand.        "DURRUM LEWIS, *Reg.*"

"I, A. K. Cramartie, Clerk of the Court of Pleas and Quarter

Sessions for the county of Bladen and State of North Carolina, do hereby certify, that Durrum Lewis is Register for Bladen county.      "A. K. CRAMARTIE, *Cl'k C. C.*"

"I, John A. McDowell, chairman of the County Court, do hereby certify, that A. K. Cramartie is the clerk of the County Court of Bladen county.  Given under my hand and seal, this the 16th day of August, 1858.

"JNO. A. MCDOWELL, *Ch'r. C. C.*"

"*North Carolina, Bladen county.*

"I, A. K. Cramartie, clerk of the Court of Pleas and Quarter Sessions, do hereby certify, that John A. McDowell is chairman of the County Court of Bladen county.

[L. S.]      "In witness whereof, I hereunto set my hand and affix the seal of office, at office in Elizabethtown, the 16th day of August, 1858.

"A. K. CRAMARTIE, *C. C. C.*"

Then followed the certificate of the clerk of the County Court of Victoria county, that the said instrument had been recorded by him, on the 7th of October, 1858.  To the reading of this copy, the plaintiff in execution objected, on the ground that the said instrument was not the original, and had not been filed three days in court; and the court sustained the objection.

The claimant then offered in evidence the original marriage contract, and the indorsements thereon, together with the said certified recorded copy, with its endorsements; to which the plaintiff in execution objected; and the court sustained the objection.

The claimant then offered and asked permission of the court to take a *nonsuit*, to which the plaintiff in execution objected, and the court sustained the objection.  To all of which rulings of the court the claimant excepted.

There was a verdict and judgment for the plaintiff in execution, from which the claimant appealed.

McDuffie v. Greenway.

*George M. Reid,* for the appellant.

*Glass & Phillips, Jr.,* for the appellee.

ROBERTS, J.—We are of opinion that the evidence submitted to the jury, warranted the verdict. There are numerous objections to the rulings of the court in excluding the evidence offered by the claimant, which we think were not well taken.

The contract of marriage was not shown to be recorded in this state, so as to be admitted in evidence; nor was it proper to establish it by the testimony of the witness, having reference to a copy, instead of the original; nor was the copy so authenticated and filed, as to entitle it to be given in evidence.

The husband was not a competent witness to establish the contract, or other fact, for the wife. For although his pecuniary interest in this suit might be adverse to her's, it is a rule, founded in sound policy, that the husband cannot, in such a case, be a witness either for or against the wife.

The court decided, as a question preliminary to the trial, that the burden of proof was on the claimant, and this was excepted to. But there are no facts shown, which lead to the conclusion that this was not done correctly, and in accordance with the statute.

The questions adverted to are of easy solution, and hardly require discussion. Judgment is affirmed.

Judgment affirmed.