## G. W. HARDY AND WIFE v. A. S. BROADDUS AND OTHERS.

1. When an execution against one person has been levied upon property of another, the party thus aggrieved is not restricted to his statutory remedy by a "trial of the right of property," but may resort to an original common law action against all persons liable. Or a case may be made in which, as in the present one, injunction will lie. (Moore v. Gammel, 13 Texas, 120, cited and approved.)

2. (On rehearing.) Though under our system demurrers and answers may be filed at the same time, yet no notice should be taken, or use made of the answers, until a disposition is made of the demurrers. On the hearing of a motion to dismiss a cause, it was error to permit the answers of the defendants to be read.

3. *Quære.* (On rehearing.) Whether it is necessary for the plaintiff, in a common law action for the seizure of his property under an execution against another, to show any reason why he did not pursue the statutory remedy by trial of the right of property ?

4. (On rehearing.) Though property has been transferred for the purpose of defrauding creditors, yet a *bona fide* purchaser from the transferee will be protected even against the creditors.

5. (On rehearing.) The doctrine which renders void a note or other instrument which has been altered in a material part by the party in whose interest the alteration was made, is applicable with at least equal force to judgments. In this case a judgment by default for some $4400 was altered to $4500 by the clerk of the court, at the instance of the judgment creditor, and the alteration is *held* to have rendered it wholly void, although it was impeached, not by the judgment debtor, but by a third party whose property was seized under execution emanating from it.

6. (On rehearing.) Injunction will lie against a judgment obtained by collusion between the parties to it for the purpose of defrauding a third person.

7. (On rehearing.) All who join in the commission of a tort may be sued as joint defendants; and they are all liable, it seems, for such damages as the most culpable of them should pay.

APPEAL from Brazos. Tried below before the Hon. J. M. Onins.

The plaintiffs in this cause were Mrs. Hardy and her

husband. The defendants were A. S. Broaddus, E. C. Knox, and G. W. Farrow. The suit was for injunction and damages.

The substance of the plaintiffs' petition was, that on the seventh of October, 1869, at the Fall term of the District Court of Brazos county, the defendant Broaddus recovered a judgment against the defendant Knox for $4398.25; and that subsequently, and after the term of the court had expired, the deputy clerk of the court, acting by the advice of Broaddus, and without the knowledge of the judge, so changed the judgment as to make it read for $4500$\frac{98}{100}$; and plaintiffs charged that this judgment was rendered null by the alteration. But, nevertheless, that execution was issued upon it against the defendant Knox, and was levied by the defendant Farrow, sheriff of the county, upon a certain tract of land and certain cotton, corn, mules and other personal property, all of which was the separate property of Mrs. Hardy, and of the aggregate value of $3600. That the tract of land was purchased by her in October, 1869, from one Thomas Boone, to whom, in the February previous, it had been conveyed by the defendant Knox for a consideration of $2000, the payment of which was acknowledged in Knox's deed to Boone. That Mrs. Hardy was a purchaser from Boone in good faith, and had paid him twelve hundred and fifty dollars for the land. That the personal property had been purchased by her from Boone, and the purchase money had been paid to him.

And plaintiffs alleged that Mrs. Hardy would be subjected to irreparable loss and injury by a sale of her said property under the execution levied upon it; that as to the real estate, she had no adequate remedy by a "trial of the right of property," and a sale of it under the execution would disparage and becloud her title.

That the property was pointed out by Knox for levy; and that he was confederating with Broaddus to injure and harass her. Wherefore, the prayer was for injunction and general relief.

Exhibits accompanied the petition, showing the judgment as originally rendered and as altered by the clerk, and also showing Mrs. Hardy's title to the land, conformably to the allegations in the petition.

A temporary injunction was granted on the petition, but on motion of the defendants, based on the answers of Knox and Broaddus, it was subsequently dissolved.

Broaddus admitted in his answer that his judgment against Knox was altered at his instance, after the term, as alleged by the plaintiffs; but he stated that it was so altered in order to conform it to an agreement between him and Knox as to the amount for which it should be rendered, and that Knox had consented to and ratified the change so made in the judgment. That the mistake thus corrected was not discovered until after the close of the term; and Knox's written ratification of the change was exhibited with the answer, and it was denied that the validity of the judgment was impaired by the alteration. This defendant denied all allegations of fraudulent combination between him and Knox, but charged that Knox's conveyance to Boone was a fraudulent device to defraud the creditors of Knox, and that Boone never paid any consideration for the property; that the plaintiff, Mrs. Hardy, is not a purchaser in good faith, but that she and her husband, at the time they purchased from Boone, had notice of the fraudulent character of Boone's purchase from Knox. That the plaintiffs confederated with Boone to defraud both Knox and his creditors, and procured their conveyance from Boone on the understanding that if Boone should not be able to resist the claims of Knox's creditors,

then they, the plaintiffs, should not be required to pay for the property. And the defendant claimed that the property levied on was subject to his execution against Knox, and that the plaintiffs were not entitled to an injunction.

The defendant, Knox, also filed an answer to the petition. Its purport was very similar to that of Broaddus. He stated that the change made in the judgment only conformed it to the agreement between him and Broaddus, and that he did not object to the alteration made by the latter and the deputy clerk. He denied all fraudulent combination between him and Broaddus; stated that he now had no property in his own name subject to execution, but that colluding with Boone to defraud his, Knox's, creditors, he had fraudulently executed to Boone a conveyance of the property in controversy; that Boone never paid anything for it, and the transfer was only to avoid security debts, and among them the one due to Broaddus; that it was understood between him and Boone that the property still belonged to him, Knox, notwithstanding the conveyance, and that Boone should reconvey when requested so to do. That subseqently this defendant concluded to interpose no further obstacle to Broaddus' demand, and therefore suffered him to take the judgment against him, and is now willing and desirous that all of the property, fraudulently conveyed by him as aforesaid, and which really remains his property, should be applied to the payment of Broaddus. He also denied the good faith of Mrs. Hardy's purchase from Boone, and impeached it in like manner as done by Broaddus.

No answer was filed by Farrow, the sheriff.

On the filing of the answers of Broaddus and Knox, they moved to dissolve the injunction, assigning several causes in support of the motion, and in the last cause

referring to their answers, and giving notice that on the hearing of the motion they would be read as part of it. The judge, at chambers, acting upon the motion, not only dissolved the injunction, but ordered that the case be dismissed. At the ensuing term, however, this order of dismissal was vacated.

The plaintiffs amended, reiterating the good faith of Mrs. Hardy's purchase from Boone, and denying that the personal property had ever belonged to Knox. The amendment denied any notice of fraud in Knox's conveyance to Boone, and specified the amount, and mode of payment made by Mrs. Hardy to Boone. It narrated other details which there is no occasion to repeat, and prayed that the injunction be reinstated and perpetuated, and for damages and general relief.

The defendants thereupon moved that the cause be dismissed, assigning several causes for the motion. The opinion of this court indicates the character of sucn of these causes as are involved in the rulings. On the hearing of this motion the defendants were allowed to read their answers; and to this the plaintiffs excepted. And the motion being sustained, they bring the case to this court by appeal.

This cause was first submitted and decided at the term of 1870-71 of this court, but a rehearing was granted on the application of the appellees, and a second opinion was delivered in April, 1872. Both opinions are inserted in the present report.

*J. D. Thomas*, for the appellants.—The court erred in looking to anything outside the petition and amended petition, as shown by the bill of exceptions. (Rec., p. 62.) On this motion plaintiffs' averments must be taken as true, to allow her a chance to prove them on the trial. (Lambeth v. Turner, 1 Texas, 364.) It will be seen that

an ample cause of action is shown, even if Broaddus had a valid judgment against Knox, for such a judgment gave no authority for seizing the property of Mrs. Hardy. But the *fi. fa.* issued without any judgment whatever to support it. The writing on which the *fi. fa.* issued was made under the direction of the plaintiff in the *fi. fa.* out of term time, without the concurrence or knowledge of any judicial officer.

Any one whose rights are affected may assail a void judgment, and surely any such one may show that that there is no judgment at all to support a *fi. fa.* (Bennett v. Gamble, 1 Texas, 130, 132, 135, 138 ; Scott v. Allen, 1 Texas, 513 ; Criswell v. Ragsdale, 18 Texas, 444–5 ; Sydnor v. Roberts, 13 Texas, 616 ; Horan v. Wahrenberger, 9 Texas, 314, 319–21 ; Fitzhugh v. Custar, 4 Texas, 391 ; Andrews v. Beck, 23 Texas, 457 ; Chambers v. Hodges, 23 Texas, 112 ; Winns v. Underwood, 1 Texas, 48 ; Hodges v. Ward, 1 Texas, 244.)

Such an act of unwarranted tampering with the records of a court is not to be found in the books, as is shown in this case. The nearest approach to it is in the case of Haines v. Hopson, 5 Texas, 529. Your honors will there see how our former Supreme Court felt called upon to notice an enormity of small proportions, when compared to this.

Not only is there no judgment for $4500$\frac{98}{100}$ to support the *fi. fa.*, but the original judgment for $4398$\frac{25}{100}$ is nullified and rendered void by the interlineation and interpolation. This has ever been held the law in regard to alterations in notes and deeds, and all instruments in regard to which the question has been made. (1 Smith's Leading Cases, 952 ; Wood v. Steel, 6 Wallace, United States Supreme Court R., 80.) It would be a strange doctrine to hold that tampering with the

43—XXXV

sacred records of justice should be visited with lighter consequences than altering a note or deed.

It follows that Knox was not indebted to Broaddus at all when the *fi. fa.* issued. Then Broaddus cannot impeach the sale from Knox to Boone, or that from Boone to Mrs. Hardy. (10 Texas, 423.)

It is difficult to conceive on what ground the court dismissed this case. If the wrongs here charged do not entitle Mrs. Hardy to a status in court, then the high-handed wrong-doer is invited to sweep away the last pittance of his victim, and there is no redress but in the pistol and bowie knife.

In the extensive brief of appellees' counsel there are only two points made. The first is, that the amended petition should not have been allowed, except upon payment of costs; and the second is, that it is multifarious.

The celebrated Talleyrand maintained that language was invented to conceal ideas, not to express them. Counsel have taken their cue from him in this case. They maintain that their pleading was framed to conceal their defense, not to exhibit it. Whether terms should have been exacted in filing the amendment or not, it was allowed, and without objection, from opposing counsel. They treated it as properly before the court in their motion to dismiss. Among their reasons for dismissing the case, they say nothing about costs, about the improper allowance of the amendment, or about multifariousness; nor is either of these objections hinted at, or anything akin to them, in the whole record.

The truth is, the suit was improperly dismissed upon matter not pertinent to the motion, and counsel seek to sustain the ruling in this court upon grounds not revealed to us in the court below,—an after thought

occurring since the filing of their motion. This the law does not permit. This court has said, "And it is well settled that where special causes of exception have been assigned, others not assigned will be deemed to have been waived." (13 Texas, 354 ; 14 Texas, 631.)

And in Birdwell v. Butler, 13 Texas, 341, where there was a general demurrer, the court say the objection of multifariousness comes too late, not being specially made before trial. Had there been a general demurrer before the court, on the motion to dismiss, still this court says (Warner v. Bailey, 7 Texas, 520), "Such insufficiency in the manner of stating the facts, as may be cured by amendment, cannot, in general, be objected to on general demurrer." (See same cause, 519 ; also Frosh v. Smett, 2 Texas, 485.) And on general demurrer the allegations of the petition are to have a liberal construction. (5 Texas, 375.)

Had the amended petition been multifarious, an amendment, striking out any improper cause of action, could have been made and the defect cured, had such defect been pointed out by exceptions. It was not done.

But neither of these objections would have any force if it had been taken in time. We had a right to amend after the dissolution of the injunction. (McDonald v. Tinnon, 20 Texas, 246 ; Houston v. Berry, 3 Texas, 235 ; Smily v. Bristow, 12 Texas, 60 ; Dearborne v. Philips, 21 Texas, 451 ; Fulgham v. Chevalier, 10 Texas, 519 ; Floyd v. Turner, 23 Texas, 294.) And even where leave to amend was not asked, it was held error to dismiss on dissolution of injunction, because plaintiff might have amended. (13 Texas, 588 and 591.) But beyond all question, the original petition showed a good cause of action, independently of the injunction.

Then suppose the injunction properly dissolved, on the authority of Carlin v. Hudson, though the later case of Clegg v. Varnell, 18 Texas, 300, directly over-rules it, still the fact remains that appellees had, as mere naked trespassers, without any pretense of process against our property, seized $2100 worth of our personal effects, and deprived us of it.

The pretense that we are driven to our statutory remedy is idle in the face of Moore v. Gammel, 13 Texas, 121. There it is said the claimant might not have it in his power to avail himself of this remedy. That it could not be done in this case, see amended petition, Record, pages 50–1.

*Davis & Beall*, for the appellees.—It is insisted by the appellees that the grounds on which the injunction was sought in the original petition were wholly insufficient:

1. Because the proposed sale of the land as the property of Knox could not defeat, injure, or embarrass, in any manner whatever, the title of possession of Mrs. Hardy, if, indeed, she was the owner. (Carlin v. Hudson, 12 Texas, 203.)

2. Because the appellants had a statutory and ordinary remedy for the protection of their personal property, by "trial of the right of property," and could not invoke the extraordinary remedy of injunction. (Windrah v. Gussett, 30 Texas, 747.)

If, therefore, the obtaining of the injunction being the sole purpose of the original petition, upon its dissolution there was nothing left in the petition to which an amendment could be made. (Carlin v. Hudson.) If, therefore, the amended petition discloses any good cause of action, it must of necessity have made an entirely new suit, and should not have been allowed, un-

less upon the payment of all costs that had accrued. (Beal v. Alexander, 6 Texas, 531 ; Carter v. Reynolds, 6 Texas, 567 ; Williams v. Randon, 10 Texas, 79 ; Henderson v. Kerwin, 8 Texas, 51 ; Price v. Emerson, 22 Texas, 165.)

It is, however, contended for the appellees that the amended petition itself was rightly dismissed upon demurrer and motion, for the following reasons :

1. If the appellants could not enjoin the sale of the land, they could not, by any amendment of their petition, hold their case in court, and ask that the sale of the land be set aside, and for damages for the wrongful sale of the same. For, as argued by the court in Carlin v. Hudson, the proposed sale of the land as the property of Knox could not operate to dispossess the appellants, or deprive them of its enjoyment, or to defeat their title, or to embarrass them in the prosecution of their legal remedies for any injury to their title or possession. The appellees, by virtue of their execution, could only sell the title or interest of Knox in the land, whatever that might be. If he had none, the sale could not work any injury to the real owners. For this reason alone, courts of equity have never granted injunctions restraining the sale of lands claimed by third persons. It would therefore be a strange inconsistency in the law to say to the appellants, the injunction granted in this case must be dissolved, and the sheriff ordered to sell the land, for the reason that you cannot be injured by the sale ; yet, after the sale has been made, you shall be permitted to amend your petition, and have the sale, which we have ordered, set aside, and recover damages against the sheriff for wrongfully making the sale. It is believed that the law is guilty of no such folly. The fact, as stated in the amended petition, that the appellants have been dispos-

sessed of the land, cannot vary the rule of law, or be
set up as a ground of action in this case. The sheriff
was not warranted, either by the execution or levy, in
dispossessing the appellants ; and if he did so, he ex-
ceeded his authority, and became a trespasser *ab initio*,
for which neither Broaddus or Knox were responsible.
The appellants have their action of trespass against
him, as they have against any other trespasser who may
have wrongfully deprived them of their possession, but
cannot join him in this action with the other defend-
ants. Besides, as shown from the amended petition,
the land has been sold to parties not connected with
this suit, and their interest cannot be affected, or the
sale set aside, unless they are made parties to the suit.
(Carlin v. Hudson, *supra ;* Price v. Emerson, 22
Texas, 165.)

2. There being a statutory remedy afforded the ap-
pellants for the recovery of their personal property
"by trial of the right of property," it is contended that
they could not resort to any other remedy for the re-
covery of the specific property. It is admitted that the
claimant of the property levied on could resort either to
the statutory remedy for the recovery of the property or
to the common law action against the sheriff for damages,
or even the plaintiff, if he caused the levy to be made.
But it is insisted that the claimant cannot, since the
adoption of the statute, arrest the execution in the
hands of the sheriff, and take from him the property
levied upon, without filing his claimant's oath and
giving bond as required by the statute. At common
law, the claimant of the property had two remedies
against a naked trespasser ; he could sue him in damages
for a tort, or he could waive the tort and sue for the
property. But this rule was never applicable to a
sheriff who had seized property under a *fi. fa.*, and

held it in his fiduciary capacity. Whenever the claim-
ant wished to arrest the sale and recover the specific
property, he was driven to his bill for an injunction.
If a different rule obtains in this State, then every claim-
ant of property levied upon by the sheriff could se-
questrate it under our statute of sequestrations, and
subject the sheriff to almost innumerable suits, and to
serious cost in defending such actions, and embarrass
the collection of debts by imposing upon creditors the
necessity of interminable litigations and delay. And
the remedy by trial of the right of property would
never be resorted to, for no claimant would subject
himself to the onerous provisions of the statute, when
a less onerous and equally expeditious remedy was
afforded him. All of the authorities referred to by the
appellants' counsel (Moore v. Gammel, and other
authorities) were, without an exception, either suits for
damages or suits in which a claimant's bond had been
filed.

3. If the defendant Knox took the property from the
possession of the sheriff, he was a trespasser, and liable
alone to the sheriff, who had a special property in the
chattels. But admitting his liability also to the appel-
lants for his wrongful acts, he could not be joined in an
action against Broaddus and the sheriff for a wrongful
levy of the execution.

Nor do the allegations in the petition, that the judg-
ment was obtained by a fraudulent combination between
Broaddus and Knox, authorize his being made a party
to this suit. For it is not claimed that the appellants are
either creditors or subsequent purchasers of Knox,—
the only two grounds under our statute of frauds which
would, under any circumstances, authorize them to im-
peach the judgment for fraud. Whatever, therefore,
may have been the fraud between Broaddus and Knox

in obtaining the judgment, it cannot be collaterally impeached by appellants, they not being affected by it. (Watson v. Hopkins, 27 Texas, 640.)

WALKER, J.—Knox confessed a judgment in the district court in favor of Broaddus for four thousand three hundred and ninety-eight dollars and seventy-five cents. Some time afterwards Broaddus got the clerk of the court to change the judgment to $4500.98. Following this alteration of the judgment, an execution was sued out and levied upon certain personal and real property, described in the petition of Mrs. Hardy as belonging to her, and which she alleges she purchased of one P. J. Boone, and paid for it with her own means.

After a careful examination of the record and briefs and arguments, we are unable to discover any justification for this novel proceeding. Indeed the defense is so lame as to leave little doubt upon the mind of this court that not only the judgment of Broaddus against Knox, but the levy and sale were all fraudulent.

The evidence shows that the personal property of Mrs. Hardy has been worked around into the possession of Knox, whilst Davis and Beall are claiming the real property, and these gentlemen argue to us very strenuously that the property cannot be reached in their hands, they not having been made parties to the suit. Further, that Mrs. Hardy was bound to pursue her statutory remedy, and could not proceed at common law.

This question is settled in the case of Moore v. Gammell, 13 Texas, 120. We feel that it is fortunate for the country that we have so much of the common law left in our jurisprudence as will enable courts of equity jurisdiction to search out and relieve against all kinds of trickery and fraud. Davis & Beall have acted as

attorneys throughout for Broaddus, if not for both him and Knox. They are chargeable with notice; and if it be found that they are wrongfully claiming title to the land, there will be no difficulty in divesting them of their pretended claim.

Under our system of pleading, the petition is not bad for multifariousness; it would stand the test of a general demurrer, though there are portions of it which may be treated as surplusage.

The sheriff, Farrow, if he has acted in good faith, may justify under his writ; but if he has entered into a conspiracy with Broaddus and Knox to commit a trespass upon the property of Mrs. Hardy, he is equally liable to her in damages with them; and being a ministerial officer, clothed with high functions, and entitled to great respect by virtue of his office, is all the more culpable for abusing it.

The judgment of the district court is reversed, and the plaintiffs may make Davis & Beall parties, or any one else from whom they are entitled to relief in this action. The cause is remanded, to be proceeded in, in accordance with this opinion.

WALKER, J.—The facts of this case are sufficiently stated in the former opinion of the court.

The rehearing has furnished us with very able arguments and briefs, which have greatly contributed to bring all the material points clearly before us.

Before entering upon the opinion which we are now about to give, we feel it but justice to ourselves and to the very able counsel, that some explanation should be given of our former opinion. On page six of the brief and argument for rehearing the following language is found: "It is stated," in the opinion of this honorable court, page one, "the evidence shows that the personal

property of Mrs. Hardy has been worked around into the possession of Knox, whilst Davis & Beall are claiming the real property," etc. We respectfully submit to the honorable court, that there is no statement of facts in the record ; indeed, that the whole case was decided upon the demurrer, special exceptions, and motion to dismiss in the court below, and that there is no evidence contained in the record for the consideration of this court. We exceedingly regret that the learned judge who delivered the opinion in this case has inadvertently regarded the naked allegations in the appellants' brief as evidence of facts upon which to found grave and serious charges affecting the reputation of appellee's counsel, in the conduct and management of this case."

Again : "But we have stated in reply to the *intimation of interest*, and in vindication of ourselves as attorneys from the charge of interest in the suit, hypothetically stated by this honorable court, that we have not now, and never had at any time, any interest, present or contingent, in any of the property, real or personal, involved in this suit. The argument in our brief was on the hypothesis of the allegation being true, that the land was bought in by Broaddus's attorney, for the benefit of Knox ; and whilst we were willing to admit the truth of this allegation for the purpose of demurrer, and if true, would insist Davis & Beall ought to be made parties to the suit," etc., etc.

In our former opinion it will readily be seen that when we use the term "evidence," we are to be understood as alluding to that evidence which the appellees made against themselves by their pleadings; for we were certainly aware that there was no statement of facts in the record, from which we could derive a knowledge of any other kind of evidence in the case,

and we must not be too strongly criticised if we speak in the language of the books.

If we were misled in our former opinion by applying to the appellees the legal consequences of their demurrer, it would appear, from the quotation which we are about to make from pages eleven and twelve of the original brief filed by appellees' counsel, that we might also have been misled in supposing that Davis & Beall were claiming any interest in the land in controversy :

"1. Broaddus and Knox can be the only proper parties to a decree enjoining the judgment; but this cannot be done, as the appellants were not parties or privies to the judgment, and have no interest in it, and cannot be affected by it.

"2. Davis & Beall can be the only proper parties to a decree setting aside the sale of the land to them ; and neither Broaddus, Knox, nor the sheriff, are interested in it, or can be parties to it.

"But Davis & Beall are not made parties to the suit, and their rights cannot be affected by the decree, it being as to them '*coram non judice.*'

"Again, it being an action for realty in the nature of an action of 'trespass to try title,' cannot be joined with an action for damages to personal property.

"3. Davis & Beall also can be the only parties to a decree restoring the possession of the land.

"4. The sheriff is the only proper party to a judgment for damages for the wrongful levy and sale of the land ; as upon no pretense can it be said that Broaddus, by having the levy made upon the interest ·of Knox, gave the plaintiff a right of action against him for damages. Besides, it is not alleged in the petition that Broaddus had the levy made."

It may be that counsel only intended to urge what is contained in this extract, as a predicate for their argu-

ment against the petition on the ground of multifariousness. If so, the argument is certainly an unfair one. To suppose that parties ought to be made who have no interest, and claim no interest in the case, and to urge that no proper decree can be entered until such parties are made, is an argument easily met by the *reductio ad absurdum.* But we forbear any further allusion to matters not strictly necessary to the decision of the case, only so far as to say that we adhere to our former opinion upon the law of this case, so far as its enunciation was deemed necessary. If there is anything in that opinion reflecting upon counsel, which does not come within the scope of *res necessariæ scribere,* we wish it understood as corrected in this opinion.

The original assignments for error to the rulings of the district court are as follows :

1. "The court erred in allowing the answers of de fendants to be read on the hearing of defendants' motion to dismiss the case.

2. "The court erred in dismissing the case on the motion of defendants, and in taxing plaintiffs with the costs."

In our view of the law, both of these assignments are well taken.

As to the first, a demurrer is an instrument of the law ; it may be, and sometimes is, taken to evidence ; but usually, and as in this case, it is used to test the legal sufficiency of the adversary pleading, and cannot be supported by evidence. It is very true that under our system demurrers and answers are filed at the same time, but no notice should be taken of the answer, nor use made of it, until after judgment on the demurrer, and the order of *respondeat ouster.*

We think it was equally error in this case to allow the

answers of the defendants to be read in support of the motion to dismiss.

As to the second assignment for error, the petition and amended petition do certainly set out a good cause of action, and therein is shown very sufficient reasons why the plaintiffs did not pursue their statutory remedy; but it is doubtful, considering the case of Moore v. Gammel, 13 Texas, 120, whether it was necessary for the plaintiffs to offer any reason why they chose to pursue their common law rather than their statutory remedy.

Two questions present themselves prominently in this case, which we deem important to settle. Did Knox convey his property to Boone for the purpose of defrauding his creditors? If so, and Mrs. Hardy purchased the property from Boone *bona fide*, she will be protected therein, and even Knox's creditors will not be allowed to take the property away from her. (See Martel v. Somers, 26 Texas, 559 ; Wood v. Chambers, 20 Texas, 251 ; Fowler v. Stoneum, 11 Texas, 501.) This doctrine grows out of the statutes of 13th and 27th Elizabeth, which are in force in this State, under common law interpretation.

Had Knox conveyed his property directly to Mrs. Hardy, to defraud his creditors, he could not, either directly or indirectly, invoke either a court of law or equity to recover the property from her hands, as the parties would be in *pari delicto ;* but any *bona fide* creditor of Knox might pursue the property in the hands of a fraudulent vendee or assignee. But a creditor of Knox could not pursue the property in the hands of a *bona fide* purchaser from his fraudulent vendee or assignee.

The next question which we deem important to decide grows out of the alteration of the judgment confessed by Knox in favor of Broaddus.

We admit that we have been unable to find any reported authority precisely applicable to this case; but we are clearly of the opinion that the doctrine uniformly held, which renders void a note, bond, or bill, which has been altered in a material part, by the party in whose interest the alteration has been made, must apply with equal if not greater force to judgments in courts of record. In most of the States the act of altering a public record, we think, would not only be held to render void any interest the party making the fraudulent alteration might have in the record, but it would be an indictable offense. We do not hesitate, then, to say that the judgment was void from and after the alteration.

And if it was obtained for the purposes charged in the pleadings, it was voidable on the ground of fraud; and in this view of the case it devolves upon us to say that the enforcement of this judgment should be perpetually enjoined.

Again, on the score of parties, it does not appear to us that there is any improper joinder of parties in this case. Certainly, all who join in the commission of a tort may be sued together, and Greenleaf lays down the doctrine, in Vol. 2, paragraph 277, that the jury are to assess damages against all the defendants jointly, according to the amount which in their judgment the most culpable ought to pay. Numerous decisions are cited in the note in support of this doctrine.

On the trial of this cause the evidence may not support the pleadings; the sheriff may be able to justify, and Broaddus and Knox may be able to show that they are not guilty of any fraud or tort. But the case must go to a jury. We therefore affirm our former opinion.

REVERSED AND REMANDED.