NANNIE HOUX ET AL., Appellants, v. JOHN A. SHAW ET AL., Respondents.

### Kansas City Court of Appeals, May 25, 1885.

1. EXECUTION—CLAIMANT OF PROPERTY SEIZED BY OTHER PERSON THAN THE DEBTOR.—Under a proper construction of sections 2366 and 2367, Revised Statutes 1879, when a claim is made and a bond given by "any person other than the debtor in the execution," there must be a regular trial of the ownership in the circuit court, and the operation of the execution is suspended. When such party claims goods, in writing, verified by *affidavit*, and, upon the sheriff being indemnified by the other party, gives bond and security for the production of the property, to be forthcoming when and where the court shall direct, *he has a right to the possession* of the property, a suspension of the execution, and a cessation of the disturbance of the property till there shall be a formal trial in court of the rights of property. These statutes, since their amendment in 1879, are similar to those of Texas and other states. *Moore v. Cammell*, 13 Texas 120. When this claim was made and a sufficient bond tendered, it was not for the sheriff to say that the claim was not good. *This was the thing to be tried,* and by a court under the forms and solemnities of law, and not by a sheriff. A proceeding under these sections, *ipso facto* arrests the execution, and it is the duty of the sheriff to follow the statute and remit the parties to their trial in court.

2. ———— WHO MAY BE CLAIMANT UNDER THESE SECTIONS ABOVE CONSTRUED.—A wife is competent to make such claim under the foregoing sections of the statute above construed, upon complying with

the provisions of the statute. *McDuffin v. Greenway*, 24 Texas 625; *Chapman v. Allen*, 15 Texas 278. And if she is not herself liable upon the statutory bond the sureties with her are unquestionably so liable. *Weed S. M. Co. v. Maxwell*, 63 Mo. 486.

Appeal from Johnson Circuit Court, Hon. Noah M. Givan, J.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

S. P. Sparks, for the appellants.

I.   The answer tendered only the general issue, and matter of justification was not permissible. 1 Chitty's Pleading (9th Am. Ed.) 500; *Root v. Chandler*, 10 Wendell 112; *Demick v. Chapman*, 11 Johnson 132; *Van Buskirk v. Irving*, 7 Cowan 35.

II.   The defendants having admitted ownership of wheat in Mrs. Houx, and the taking and conversion, the burden was upon them to share their authority. 2 Greenl. Evid., section 629 (Ed. 1868). The judgment rule in the case of *Hyatt v. Geo. W. Houx* was not evidence of any thing therein recited as against Nannie E. Houx, who was neither party nor privy to it; nor was it any evidence of a justification of the trespass. *Henry v. Woods*, 77 Mo. 277.

III.   Sheriff Shaw, after the tender of the bond by Mrs. Houx, had no authority to proceed with the sale, and by so doing became a trespasser *ab initio*. Sections 2366, 2367, Rev. Stat. Mo. 1879.

IV.   Conceding that the wheat, as the annual products of the real estate of Mrs. Houx, was subject to sale for "a debt of her husband created for necessaries for the wife and family," there was no evidence of that fact before the court. The recital in the judgment against Geo. W. Houx did not tend to prove it. These annual products are put upon the same footing (as to necessaries for wife and family) as is her separate personal estate. Neither can be reached except in equity—other-

wise she would be deprived of her property without her day in court. *Rogers v. Bk. Pike Co.*, 69 Mo. 560.

A. B. LOGAN for the respondents.

I. The answer was sufficient.

II. Plaintiff showed the authority under which Shaw acted.

III. Sections 2366 and 2367 can have no application in this cause. The claim made by Nannie Houx and the bond given by her (if any was given, for the evidence as to this is conflicting), was the claim and bond of the owner of property liable to be seized and levied upon under this execution. The judgment against Geo. W. Houx recites that the judgment was for necessaries for his wife and family; this judgment was introduced by plaintiff and is at least *prima facie* evidence of the fact unless rebutted. Certainly it is conclusive as to the character of the indebtedness upon which it was rendered.

IV. Section 3295 (Rev. Stat., 1879), says, *"provided* such annual products may be attached or *levied* upon for any debt or liability of her husband created for necessaries for the wife and family." In this case the debt was so incurred, the judgment so recites it, and the sheriff levied upon the annual products of the real estate of the wife. Are they liable on a judgment against husband alone for debt for necessaries for wife and family? We think they are. *The statute is one of exemption only and not of property. Boyle v. Cayce,* 17 Mo. 47; *Phelps v. Tappan,* 18 Mo. 393; *Cunningham v. Gray,* 20 Mo. 170; *White v. Dorris and wife,* 35 Mo. 181; *Myers v. Gale,* 45 Mo. 416.

Opinion by ELLISON, J.

The plaintiffs are husband and wife; the defendant, Shaw, was the sheriff of Johnson county; the other defendants are charged to have been his aiders and assistants in the trespass complained of in the petition. Defendant, W. C. Hyatt, in an action against George W. Houx only, obtained judgment in the circuit court of

Johnson county against him alone, for the sum of $330.00, the judgment reciting that "said debt was created by said defendant for necessaries for his present wife, Nannie Houx, and family." An *alias* execution was issued on this judgment and delivered to defendant, Shaw, in which it was recited that the amount named in the writ was "for necessaries furnished for Nannie Houx, the wife of said George W. Houx, and for their family," and in which the defendant was commanded "that of the goods, chattels, and real estate of the said George W. Houx and Nannie Houx his wife, you cause to be made the aforesaid debt, interest and cost." This execution was, at the instance of defendants, Hyatt, levied on a lot of wheat, which had been that year raised, and was then stored on lands owned by Nannie Houx, to which she states she has the legal title.

Nannie Houx notified the sheriff, Shaw, in writing, verified by affidavit, of her ownership of the property, and offered him a delivery bond, which he refused to take, but proceeded with his levy and sale. It is not denied but that the sureties on the bond were amply good.

Nannie Houx, in conjunction with her husband, filed her motion to quash the execution and levy, for the reason, among others, that she was not a party to the suit or judgment, upon which the execution was issued, and yet it commanded the sheriff to levy on her goods, chattels and real estate. Before this motion was determined by the circuit court the plaintiff in that case, W. C. Hyatt, asked leave to amend the execution by striking out and "expunging" that portion above set out in which the sheriff was commanded to levy on the property of Mrs. Houx. Leave being given to make this amendment, the court then overruled the motion to quash. It will thus be seen that Mrs. Houx notified the sheriff of her claim to the property under section 2366 Revised Statutes, 1879, and tendered to him a good and sufficient delivery bond as is provided in said section. This action involves a construction of sections 2366 and 2367 of the Revised Statutes. By the

terms of section 2366, a claimant, in the event of an indemnifying bond being given to the officer by the execution creditor, may, by giving a delivery bond, as therein provided, "take possession" of the property from the sheriff. By the terms of section 2367, Revised Statutes, these bonds are to be returned into court with the execution "on or before the first day of the next term thereof, and the clerk shall enter the matter upon the docket, as near as may be as civil cases are docketed, and the matter shall, unless continued for cause, be tried at the term at which the claim is returned. The execution creditor shall answer or demur to the claim returned by the officer on or before the second day of the term, and the claimant may reply to the answer within such time as may be directed by the court, and all proceedings in relation to such claim shall be governed as far as practicable by the law relating to pleading and practice in civil actions * * *. If the judgement shall be for the execution creditor, it shall be against the claimant and his sureties in like manner, and the court shall order the property sold, and a certified copy of such order shall be delivered to the officer, and shall have the force and effect of, and be proceeded upon, as a special execution."

It is thus specially provided that when a claim is made and a bond given by "any person other than the debtor in the execution," as required in the sections mentioned, there must be a regular trial of the ownership in the circuit court, and the operation of the execution is suspended.

When a party, "other than the debtor *in the execution*," claims goods in writing, verified by affidavit, and who will, upon the sheriff being indemnified by the other party, give his bond and security for the production of the property at the circuit court, he has a right to the possession of the property and a suspension of the execution, and a cessation of the disturbance of the property till there shall be a formal trial in court of the rights of property. *Moore v. Gammell*, 13 Texas 120. It will be noticed that the statute of 1879 is very differ-

ent from that of 1865 ; sections 2366, as amended from the
laws of 1877, and the new section 2367, introduced an
entirely different and new mode of procedure upon claim
of property made by a third person. The present pro-
visions are similar to the statute of Texas and other
states. And while this mode of trial, will not deprive
one of his common law remedy if he choose to assert it,
yet if he elects to pursue the provisions of the statute, he
has a right to its protection, and he is bound by his elec-
tion of remedies. *Howeth v. Mills*, 19 Texas 295. When
this claim was made and a sufficient bond tendered it
was not for the sheriff to say the claim was not good.
That was the very thing to be tried, and which the
statute has said shall be tried by a court, under the forms
and solemnities of law, and not by a sheriff. A proceed-
ing under the sections named, *ipso facto*, arrests the
execution, and it was the sheriff's duty to have followed
the statute, remitting the parties to their trial in court.
In *Moore v. Gammell*, *supra*, it was said that proceedings
having been begun by the claimant under the statute and
bond given '' that arrested the execution under the statute,
the trial then, should be under the statute.''

Defendants contend that ''sections 2366 and 2367 can
have no application to this cause, for the claim made by
Nannie Houx and the bond given by her, was the claim
and bond of the owner of the property liable to be seized
and levied upon under this execution.'' And yet they
claim that the property is left by the statute ''exactly as
the common law left it. The statute is one of
exemption only, and not of property.'' These
statements are contradictory. If this property is
''exactly as the common law left it,'' then her
claim was not the ''claim of the owner of the property,''
for by the common law it belonged absolutely to the hus-
band. If we agree to the first statement, that the claim
was invalid because made by ''the owner of the property
liable to be seized and levied upon,'' it would seem that
being the owner—being her property it could not be
taken on an execution in a proceeding to which she was
not made a party. If it be true that she is the owner of

the property, it is not consonant with law or honesty, to suppose it could be taken from her in a proceeding in which she has no voice or control, and no opportunity to show the subject matter of the action was not for necessaries; nor to avail herself of the right of appeal. Here would be an opportunity quickly embraced by a worthless husband, to collude with the creditors of his dissipation, and suffer a judgment in their favor, under pretext of necessaries for his wife and family. Liquor and gaming debts would easily metamorphose into family necessaries. We are not called upon, in this case, to say what are the wife's rights, under section 3295, Revised Statutes; or whether the section be one of exemption or property; nor whether she should or should not be made a party to a proceeding, the ultimate object of which is to subject the rents, issues and products of her real estate to sale; nor what should have been the result of a trial of the ownership of the property under her claim, if the sheriff had seen fit to have permitted the statute to control his action. He has obviated these troublesome questions by throwing the matter into a simple case of trespass, thereby making himself and assistants, liable for the value of the property illegally retained and sold. Not being content to permit the questions arising under section 3295 to be decided by the circuit court, but preferring to assume the functions and responsibilities of that tribunal by deciding the woman's case against her on the spot, the defendants must bear the consequences. It was depriving her of her right to a trial, in a court of law, of the very matter in dispute. There was no discretion in the officer. He should only have followed the statute.

That the wife is a competent party to make claim in this respect we have no doubt. The claim was made by the wife in the case of *McDuffie v. Greenway*, 24 Texas 625, and of *Louis Chapman et al. v. James Allen*, 15 *Ib.* 278. She was joined in the bond by her husband and sureties, who are admitted to be worth many times the penalty. And even if it should be said she, being *feme covert*, was not bound by the terms of the obligation, yet the sureties would have been compelled to live up to

all its exactions.   *Weed S. M. Co. v. Maxwell et al.*,   63 Mo. 486.

The judgment is reversed and the cause remanded : Philips, P. J., concurs ; Hall,  J., dissents.