NANNIE HOUX, Respondent, v. JOHN A. SHAW, Appellant.

**Kansas City Court of Appeals, March 28, 1887.**

MARRIED WOMEN—ACTION—PRACTICE — JOINING OF HUSBAND—PERSONAL PROPERTY.—When a married woman is a party, her husband must be joined with her in all actions, *except* in cases where the husband is sole plaintiff and the wife sole defendant, or the wife a plaintiff and the husband a defendant; and *in such cases* she may sue or defend by her agent or attorney. Sect. 3468, Rev. Stat. But in the case of her *personal property* she may sue in her own name without joining her husband, as if she were a *femme sole;* and is herself liable for costs out of any of her separate property subject to execution. Sect. 3296, Rev. Stat., as amended by act of 1883 (Laws of Mo., 1883, p. 113). And money arising from the real estate of a married woman, held by general title, is " an acquisition of personal property," within the provisions of the statute. *Rodgers v. Bank of Pike Co.*, 69 Mo. 569. And so with the *product* of such real estate.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case is stated in the opinion.

A. B. LOGAN, for the appellant.

I.   This action cannot be maintained in the name of a married woman as sole plaintiff. Rev. Stat. 1879, sect. 3468 ; *Rodgers v. The Bank of Pike County*, 69 Mo. 560.

II.   Appellant's objection to the introduction of

any evidence under the pleadings should have been sustained. *State ex rel. v. Porter*, 9 Mo. 356 ; *Garland v. McCullough*, 48 Mo. 318 ; *Rodgers v. The Bank of Pike County*, 69 Mo. 560.

III. The demurrer to plaintiff's evidence should have been sustained. Rev. Stat. 1879, sect. 3468 ; *Rodgers v. Bank of Pike County, supra*. We contend that sections 2366 and 2367 have no application to this cause, for this reason : The uncontradicted evidence is, that this property that was levied upon was the annual product of the real estate of the wife of the execution debtor. There can be no question but that, at common law, this property was liable for the debts of the husband in this form of action. Section 3295, Revised Statutes, 1879, provides that, "the rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, * * * shall, during coverture, be exempt from attachment or levy of execution, for the sole debts of her husband." If this section stopped here, there could be no question about this case ; it would not be liable ; but the section further provides: "provided, such annual products may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family." This proviso, we contend, takes this class of property out of the force of this statute, and leaves the wife exactly as left at common law. It makes this class of property liable to levy and sale under execution, for a debt of this character.

IV. It was not the purpose of section 2366, Revised Statutes, to meet a case where the property itself was, by statute, subjected to the payment of a certain debt. *Alexander v. Lydick*, 80 Mo. 341.

V. This class of property is not made the separate property of the wife. The act of 1875 expressly provides that all moneys arising from the sale of her real estate shall be exempt ; and is not included in the

*proviso* of that section. In this case the judgment, upon which the execution issued, was for necessaries for the plaintiff and her family, and her property is liable. *Smedley v. Spelt*, 41 Iowa, 588; *Lawrence v. Senniam*, 24 Iowa, 80. The only difference between the Iowa statute and ours is this: that in Iowa the wife may be made a party to an action at law; under our statutes she cannot; but *her property*, of this character, is, in either state, reached by the same process, to-wit, an *execution*.

No brief for the respondent.

ELLISON, J.—This cause was heretofore in this court and is found reported in 18 Mo. App. 45. On a re-trial in the circuit court plaintiff prevailed and defendant appeals. Before the last trial the petition was amended by striking out the name of plaintiff's husband, leaving her the sole plaintiff.

The answer, which was a general denial on the first trial, was amended, the amendment setting up in detail the facts set forth in the opinion, as reported in 18 Mo. App. 45, in addition. There were no instructions offered, save a demurrer to the plaintiff's evidence, which was refused. Objection was made to any evidence under the petition, for the reason that it was in the name of a married woman, whose husband was not joined. This objection was overruled and is assigned for error.

When a married woman is a party her husband must be joined with her. Rev. Stat., sect. 3468. By an amendment to section 3296 (Sess. Acts, 1883, p. 113), an exception is made to this as regards suits for property mentioned in that section.

In the case of *Rogers v. The Bank of Pike County* (69 Mo. 560), sections 3295 and 3296 were construed together, and it was held that money arising from the sale of the real estate of a married woman, held by general title, was protected by, and came within, the provisions of

section 3296, and that it was "an acquisition of personal property by her means."

The "spirit and intent of the act" is applied. That case must control this, for if the money arising from the sale of her real estate, to which she has only the simple legal title, comes within the provisions of section 3296, so would the product of such real estate. While it was held in that case that the husband must be joined, yet the next session of the legislature amended the section so as to permit the wife to maintain the action alone. Other matters presented were tried in substantial compliance with the opinion given when the cause was here before.

The judgment is affirmed. Philips, P. J., concurs; Hall, J., absent.