**CARNEY et al. v. T. W. MARSE & CO.**
**(No. 1901.)**

(Court of Civil Appeals of Texas.    El Paso.
Oct. 28, 1926.)

**Husband and wife ⛫262(1)—Presumption is that cotton, on which execution against husband was levied, was community property.**

Presumption is that cotton, on which execution against husband was levied, was community property subject to payment of his debts, and burden is on wife claiming it to show that it was her separate property.

Appeal from Haskell County Court; Jesse G. Foster, Judge.

Proceedings between E. M. Carney and others and T. W. Marse & Co., wherein execution issued in favor of the latter against T. G. Carney, whose wife filed claimant's oath and bond. From an adverse judgment, claimant and others appeal. Affirmed.

Brooks, Smith & Robinson, of Anson, for appellants.

J. P. Kinnard, of Haskell, for appellee.

HIGGINS, J.   An·execution in favor of the appellee against T. G. Carney was levied upon a bale of cotton.· Carney's wife filed claimant's oath and bond.   Upon trial of right of property, the issue was decided against Mrs. Carney.

Our conclusions, disposing of the two assignments presented by Mrs. Carney, are as follows:

(1) The presumption is that the cotton was community property, subject to the payment of the debts of T. G. Carney, and the burden rests upon Mrs. Carney to repel this presumption, and show that it was her separate property.   The court did not err in so holding.   McDuffie v. Greenway, 24 Tex. 625; Simpson v. Texas Tram. Lbr. Co. (Tex. Civ. App.) 51 S. W. 655.

· (2) The ruling upon evidence complained of in the second assignment presents no error, but, if so, it was harmless.    Betterton v. Echols, 85 Tex. 212, 20 S. W. 63.

Affirmed.