GARDNER P. KINGSLEY & another *vs.* CHARLOTTE DAVIS.

Judgment recovered against one of two joint debtors by the creditor bars a subsequent action by him against the other.

If A., having made a contract with B. and sued him thereon, recovers judgment against him after ascertaining that he acted as agent only and all the facts, it is a bar to a subsequent action by A. against B.'s principal.

CONTRACT by brokers for commissions; submitted to the judgment of the court on these agreed facts:

" The plaintiffs on November 12, 1868, procured a purchaser for a house belonging to the defendant, who is, and was at that time, a married woman, and held the legal estate in said house

in her own right. Previously, John J. Davis, her husband, in his own behalf, and also acting for her and in her presence, requested the plaintiffs to find a purchaser for the house; and in the conversation between the parties, at that time, the defendant also requested the plaintiffs to find a purchaser. On November 20, 1868, the defendant executed a deed of the house to the purchaser procured by the plaintiffs, her husband joining therein. The plaintiffs, at the time they performed said services, supposed that the legal title to the house was in John J. Davis; and they charged him therefor, on their books of account. On December 14, 1868, they commenced an action of contract against him in the municipal court for the city of Boston, in which they declared for the same cause of action for which they bring the present action. In said action, on December 29, he was defaulted; and on March 18, 1869, the plaintiffs, since said default, being informed of all the facts, and in particular of the fact that the house belonged to the present defendant at the time they procured the purchaser, caused judgment to be entered against said John J. Davis in said action, and subsequently took out execution against him. Said judgment now remains in force, and unsatisfied. After taking said judgment and execution, the plaintiffs brought the present action."

*G. Morrill,* for the plaintiffs.

*J. Lathrop,* for the defendant.

MORTON, J. We are unable to see how, in any aspect of the facts of this case, the plaintiffs can recover. There is no evidence that the plaintiffs performed the services sued for upon the credit of the defendant, or that she entered into a several contract with them. The facts stated, if they show any contract by the defendant, show a joint contract by herself and her husband. Upon such a contract the plaintiffs could not maintain this action. The judgment which he has taken against one of the joint debtors is a bar to any future action against the other. *Ward* v *Johnson,* 13 Mass. 148. *Gibbs* v. *Bryant,* 1 Pick. 118.

But the true inference to be drawn from the facts stated undoubtedly is, that the plaintiffs contracted with, and gave credit

to, John J. Davis; and they now claim that he was acting as the agent of the defendant and that they gave him credit in ignorance of this fact. If we assume that he was acting as her agent in contracting with the plaintiffs, yet there is an insuperable obstacle to their right to maintain this action. The general principle is undisputed, that, when a person contracts with another who is in fact an agent of an undisclosed principal, he may, upon discovery of the principal, resort to him, or to the agent with whom he dealt, at his election. But if, after having come to a knowledge of all the facts, he elects to hold the agent, he cannot afterwards resort to the principal. In the case at bar, it is admitted that the plaintiffs, after all the facts became known to them, obtained a judgment against John J. Davis upon the same cause of action for which this suit is brought. We are of opinion that this was conclusive evidence of an election to resort to the agent, to whom the credit was originally given, and is a bar to this action against the principal. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319.

*Judgment for the defendant.*