CHARLES TOOPE *et al.* Appellants, *against* CHARLES H. D. PRIGGE, Respondent.

(Decided June 4th, 1877.)

Where the plaintiffs in a proceeding against the owner and contractor to foreclose mechanics' liens on a building towards the erection of which they had furnished work and materials, pleaded that they had furnished such work and materials under a sub-contract with the contractor:—*Held*, that the judgment on that proceeding adjudicating that the plaintiffs had furnished such work and materials at the request of the contractor was a bar to a subsequent action by them against the owner to recover for furnishing the same work and materials upon the allegation that they had been furnished at the owner's request.

APPEAL by the plaintiffs from a judgment of the Marine Court of the city of New York entered upon a decision of the general term of that court, affirming a judgment entered upon a verdict in favor of defendants, rendered by direction of the court at a trial before a judge of that court and a jury, and affirming an order made at a special term of the Marine Court, denying a motion for a new trial made upon a case and exceptions.

This action was brought to recover of the defendant, Prigge, the sum of $630, which the complaint alleged remained unpaid of the price and value of materials sold and delivered to defendant, and of work done in placing said materials in a building in the course of erection in the city of New York.

The answer was a general denial and the separate defense that theretofore the plaintiffs had filed a notice of mechanic's lien against Prigge as owner, and against J. & J. W. Thornton as contractors on the building; that afterwards proceedings were instituted to enforce said lien and to obtain a personal judgment against Prigge, which proceedings were still pending and were a bar. The answer was amended at the trial, by alleging the termination of said proceedings by an adjudication in favor of Prigge and against plaintiffs.

The plaintiffs introduced evidence to show that after they had manufactured a small part of the materials to be supplied by them under their contract with the Thorntons for the erection of the building; but before any of their materials had been delivered, they stopped work on the contract out of distrust in the ability of the Thorntons to pay them; that then the defendant visited their place, inspected the materials furnished, expressed his satisfaction, and desired them to proceed, saying that he would pay them if they went on and fulfilled the contract.

The defendants then put in evidence a notice of lien under the Mechanic's Lien Act of 1863, in which notice the sum of $630 was claimed to be a lien on the building for the materials and labor furnished in pursuance of a contract with the Thorntons; and a judgment roll in an action in this court to foreclose a mechanic's lien on the building above mentioned, in which action Joshua S. Peck and another were plaintiffs, and Prigge, the Thorntons, Charles Toope, George H. Toope and other lienors were defendants. Included in the judgment roll was the answer or statement of claim of Charles and George H. Toope, in which it was alleged that they, in pursuance of a contract with the Thorntons, sold and delivered to them materials and did work on the buildings, for which there was due $630, and there was demanded judgment of foreclosure and sale and a personal judgment against the Thorntons and against Prigge. The judgment roll contained the answer of Prigge denying each and every allegation of the statement of the Toopes, except that he admitted that he was the owner, and was indebted to the

Thorntons under his contract with them to furnish all the material and do all the work on the building. The judgment roll contained, also, the report of a referee, to whom the issues were referred. This report contained a finding of fact that Charles Toope and George H. Toope furnished materials and did work for and at the request of the Thorntons of the reasonable value of $1,400, and that they duly filed their lien. The report contained no other finding or adjudication as to the claim of the Toopes, nor did the judgment entered upon the report of the referee. The judgment was for the foreclosure and sale of the building and premises and for the payment of the claims of other lienors. With the introduction of this judgment roll the defendants rested, and the court directed a verdict to be rendered against the plaintiff, holding that the issues involved had been litigated or might have been litigated in the action to foreclose the mechanic's lien, and that the judgment therein was a bar to the present action. The plaintiffs excepted to the direction of a verdict.

*H. Bell*, for appellants. The judgment was not a bar. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Driggs* v. *Simson*, id. 641; *Gambling* v. *Haight*, 59 N. Y. 354; *Sullivan* v. *Brewster*, 1 E. D. Smith, 686; *Mason* v. *Alston*, 9 N. Y. 58, 65; *Mc-Graw* v. *Godfrey*, 14 Abb. Pr. N. S. 398.)

*A. F. & W. H. Kircheis*, for respondents. The judgment was a bar. (*Keene* v. *Clarke*, 5 Robt. 38; *Demarest* v. *Darg*, 32 N. Y. 281; *Derby* v. *Hartman*, 3 Daly, 458; *Schaettler* v. *Gardiner*, 4 Daly, 56; *Glacius* v. *Black*, 50 N. Y. 153, 154.)

ROBINSON, J.—Plaintiffs on the 6th of November, 1874, filed a notice under the Mechanic's Lien Law of 1863, against premises in this city, owned by the defendant, alleging a claim against the defendant as owner, and J. and J. W. Thornton as contractors for $630, a balance of a debt due for materials furnished and labor rendered in and toward the erection of a building on said premises in pursuance of a contract they had made with said Thorntons.

This notice was verified by the oath of the plaintiff,

George H. Toope. The work done by plaintiffs was included in the contract between the Thorntons and defendant for the erection of such building.

In January, 1875, Peck & Wandell commenced proceedings in this court for the foreclosure of a mechanic's lien against the same premises as sub-contractors for materials furnished toward the erection of said building under the same contract of defendant with the Thorntons, making the defendant and these plaintiffs parties. These plaintiffs by answer therein also made a statement of their claim by way of lien against the premises, alleging that they had entered into a contract with said Thorntons, who were (as alleged) the contractors with the defendant Prigge, the owner of the building, and that under and in pursuance of that contract, they had sold and delivered the Thorntons the building materials and done the work and labor for which the present claim is made. They also alleged the filing of said notice of lien on the 6th of November, 1874, and that $630, with interest, was still due them for such materials and labor; that a large sum was due from defendant to the Thorntons, more than sufficient to pay their claim, and they prayed a sale of defendant's property, the application of the proceeds to the payment of the lien on said premises, according to their priorities and for a personal judgment against the Thorntons and defendant for said sum of $630 and interest. This statement of claim was also verified by the oath of said George H. Toope.

Defendant answered such claim, denying all the allegations therein except that he was the owner of the premises, and that he had entered into a contract with the Thorntons to do all the work on said premises for $10,500, of which only $1,500 remained due, which he offered to pay for a discharge of all the liens referred to in said proceedings.

The cause was referred, and the referee by his report, dated in December, 1875, found the making of said contract between defendant and the Thorntons : That the Thorntons proceeded to do and substantially finished the work in accordance with the contract, and by reason thereof, on the

2d of November, 1874, and on the date of the filing of liens in the report mentioned, there was due said Thorntons from the defendant, Prigge, $1,550, being so much of the price mentioned in said contract as was then unpaid. This sum the referee awarded to other lienors, who had filed their liens for materials furnished and work done for said Thorntons in pursuance of said contract, having precedence to that of the plaintiffs, and he also found that these plaintiffs furnished said materials and performed such labor for and at the request of said Thorntons, and that they had filed their said lien therefor on the 6th of November, 1874. Upon this report a judgment was entered substantially conforming to the report and adjudging that the entire contract work was performed by the Thorntons, and awarding the payment of said balance due of $1,550 thereon to the persons having precedence to these plaintiffs, such amount being, however, insufficient to satisfy such prior claims. This judgment so far as shown stands in full force. The plaintiffs, notwithstanding such judgment by complaint duly verified in the present action, make a personal claim again the defendant for the balance due them for said materials and work, upon evidence of one of the plaintiffs, and another witness, tending to prove that after they had commenced to perform their sub-contract with the Thorntons, and had furnished but a trivial part of the materials, they told defendant they had stopped work on the job; that they wouldn't trust the Thorntons and wouldn't do any work for them; that defendant requested them to go on and finish the work, and said he would pay for it; that he would accept the contract they had with the Thorntons and pay for it; that they resumed work on the job according to the contract they had with the Thorntons. Under this solemn farce of perjury, either in the former or latter proceeding, the plaintiffs present this extraordinary claim. They have already had a finding in their favor, in the former action against the Thorntons, upon their claim as made therein, that they furnished the materials and performed the labor for and at the request of the Thorntons, which were of the reasonable value of $1,400, which finding

Toope v. Prigge.

would be available for any future action against the Thorntons. It was also therein found and judgment rendered accordingly in harmony with plaintiff's pretensions in that action, that all the work on the building was substantially performed by the Thorntons according to the original contract with the defendant, and an award was made for payment by this defendant of the balance due for entire performance to prior lienors. This plain and patent case is but confused by the technical and elaborate but unappreciable argument of the plaintiff's counsel. The former action was, so far as this defendant and the plaintiffs were concerned, one *in rem*. It adjudged that the moneys now claimed by plaintiffs were due the Thorntons, the contractors, for substantial performance by them of the entire contract; that plaintiffs as sub-contractors became lienors for and in respect to the present claim which they then presented and urged in the double relation of lienors and personal creditors of the Thorntons, and had judgment for it in their favor as due on their sub-contract with the latter. It needs no criticism or weighing of authorities to demonstrate that such a judgment, unreversed and in full effect, must upon every principle of justice be held conclusive upon the rights of the parties, and debar such a claim as is now presented on behalf of the plaintiffs.

It is not necessary to review the multifarious cases cited on the points of the plaintiff's counsel, as no principle can be eliminated from them, giving countenance to so inequitable a claim as is here presented. The judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.