## JOSEPH MARTIN v. JONATHAN BOYCE.

*Variance—Estoppel by res judicata.*

Where a declaration counts upon a single contract, and the evidence shows that there were two and there is nothing to show that one superseded the other or that they were merged in one, there is a substantial variance, especially if they differed in their terms.

Where one party to a contract claims that it has been rescinded and judgment given against the other party upon the *quantum meruit*, he is estopped, in a later litigation with the same party, from claiming the right to carry out the contract; and the record in the former action is admissible to establish the estoppel.

Error to Muskegon. Submitted June 23. Decided October 4.

ASSUMPSIT. Defendant brings error. Reversed.

*E. Potter* and *C. A. Kent* for appellant. Where successive suits arise on the same contract anything material to the issue in one, if actually decided, is *res judicata* in the later proceedings: *Jacobson v. Miller* 41 Mich. 90; Freeman on Judgments §§ 249, 284; and where damages are recovered as for a breach of contract, it amounts to a rescission: *Graham v. Halloway* 44 Ill. 385.

*DeLong, Fellows & Fellows* for appellee.

CAMPBELL, J. Martin sued Boyce for refusing to allow him to carry out a logging contract, whereby as he avers he was to have three dollars a thousand for cutting, skidding, hauling, and delivering at Muskegon river, the merchantable pine on the north half of section 16, in town 11 north, of range 15 west, and to be allowed to do the work in the winter of 1879–80, and in the winter of 1880–81, if the whole could not be completed the first winter, for want of snow. The complaint is that the first winter was unfavorable, and a large share—consisting of about three-fourths of the work —was postponed beyond the winter of 1879–80 ; and that in the fall of 1880 Boyce refused to allow the plaintiff to go on with the work. It is averred that the price of $3 per thousand was to be paid as the work progressed. The declaration claimed loss of profits that would have been made beyond the expenses of the job.

The defendant pleaded the general issue and gave notice of a previous suit which had gone to judgment and been affirmed in this Court, begun in April, 1880, and the judgment affirmed in June, 1881. The alleged refusal of defendant to allow plaintiff to proceed with the cutting was while that suit was pending.

On the trial of the present suit below, the plaintiff showed that in the fall of 1879 defendant made a contract with plaintiff for the cutting, hauling and delivering at Muskegon river during the ensuing winter of all the timber on the north-east quarter section, and a similar bargain with one Gibson for the other quarter section. Plaintiff went to work putting up his shanties and making other preparations. Gibson cut some timber, and in December threw up his contract. During that same month defendant spoke to plaintiff about skidding Gibson's logs, and as it is claimed told plaintiff he might have the balance of Gibson's contract if he chose, and might complete it the next winter if he could not do it that winter. There was a subsequent agreement whereby a part of the logs were put into another stream, to avoid the difficulty of hauling them to Muskegon river.

It was claimed by defendant that the contract declared on,

which was a single contract for a half section, was not the contract proved ; and that there was no legal identity between two contracts, however similar. The court below charged that if they were alike in their terms, and were subsequently treated as one, there was no variance.

We can find no support for any such ruling. The first contract was unquestionably an absolute one, to do all the work in one winter. That contract was partially performed, and all of plaintiff's preparations to complete it were in a state of forwardness. The second contract, according to plaintiff's testimony, was on more liberal terms as to time of performance, and involved the future cutting of only a portion—although no doubt the chief portion—of the timber on the other quarter section, and the skidding of timber already cut by Gibson, to which it is not shown or presumable the entire payment of $3 per thousand would apply. We have found nothing to warrant a claim that the original contracts were given up or merged in one, and plaintiff's own testimony fixing the time of allotting to him the remainder of the Gibson contract indicates nothing whatever in favor of any such merging of interests.

But if there was any such new contract or understanding, it was clearly error to allow no force to the former litigation. It cannot be permitted a party to repudiate and rescind a contract himself or to acquiesce in another's rescission, and then seek afterwards to insist on carrying it out. In the former litigation, as it appears in the record referred to, there was an attempt to recover under a new contract changing the place of delivery as superseding the old one, which was apparently represented as originally the same as now set up ; and that is the view acted on by this Court. *Boyce v. Martin* 46 Mich. 239. That case also rested on the further ground that by the rescission of the contract an action arose for a *quantum meruit* to recover the value of cutting and skidding logs not delivered. Under the contract there was to be no apportionment of payments for cutting, skidding, hauling or delivering separately, but the single price of $3 was to be given when logs were delivered.

This point was also expressly covered by our previous decision.

It was error to exclude the record, which showed this state of things, and which must preclude the maintenance of any suit inconsistent with it.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.