# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

36   1<br>40  425<br>36   1<br>80  161

---

ANTHONY J. THOMAS *vs.* HIRAM K. JOSLIN.

### October 6, 1886.

Estoppel—Judgment—Specific Performance of Contract—Reformation.—Where, in an action for the specific performance of a contract for the sale of real estate, a judgment was rendered on the merits in favor of the defendant, *held*, that the judgment was a bar to another action to reform the contract, and to enforce it as reformed.

Same—Election between Specific Performance and Reformation.— Where a party elects to sue upon a written contract as executed, and the action proceeds to trial and judgment after final submission, he is bound by his election, and cannot thereafter bring an action to reform the contract.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered by direction of *Young,* J.

*D. A. Secombe,* for appellant.

*Wilson & Lawrence,* for respondent.

VANDERBURGH, J.  In a former action between the same parties,. brought to enforce the contract in controversy, (30 Minn. 388; 15 N.. W. Rep. 675,) it was held by this court that the letters of defendant, introduced in evidence upon the trial, authorized the agent through whom the contract was made to sell the land in controversy, subject.

v.36m—1

to a certain lease to one Miller, and that the written contract, though otherwise authorized, was not in that particular in pursuance of the authority conferred by the defendant. The plaintiff was consequently defeated in that action, and thereupon he commenced this action for a reformation and specific performance of the contract; and he is now met by the objection that he has already had his day in court as respects the subject of this litigation, and that the former judgment is a bar to this action. We think the objection well founded, and that the plea of former adjudication was properly sustained.

It is manifest that the substance of the controversy was the agency of Whitney and the extent of his authority. This was disclosed by the evidence on the former trial, which was composed of the correspondence of the agent and the defendant. The plaintiff must have been fully advised of the nature of the contract authorized by defendant's letters when the former suit was brought; and it appears from the findings of fact in this case, that "it was a part of the agreement between the agent and plaintiff, intended to be embodied in the written contract, that the sale of defendant's land to plaintiff should be subject to the Miller lease." But in the face of all these facts plaintiff elected to bring his action upon the contract in its imperfect form, and proceeded to trial and judgment therein. There was, however, in fact but one contract between the parties, and but one claim or right upon which to base a recovery, though it may not have been fully evidenced by the writing. This claim has been once litigated, and, as defendant contends, finally determined; and it is now sought to be renewed by plaintiff upon a reformation of the contract. We are unable to see, however, why the matter should not be held to be *res adjudicata*, and the plaintiff bound by his election. The new issue was merely incidental to the main cause of action. *Winchell* v. *Coney*, 27 Fed. Rep. 482. The written contract was imperfect, but the plaintiff chose to rest a suit upon it as it was, and the judgment in the case, until set aside, was mutually binding upon the parties to it, and final as respects the merits of plaintiff's claim, notwithstanding mistakes and omissions in the proceedings, or the failure on the part of either party to make a full presentation of his case by the proper allegations and proofs. *Thompson* v. *Myrick*, 24 Minn. 4, 11. It is

manifest that the two actions could not proceed *pari passu* to trial and final judgment in the same court, and that the plaintiff in such case would be compelled to elect, and be bound by his election. Neither can they be so prosecuted successively. *Washburn* v. *Great Western Ins. Co.*, 114 Mass. 175; *Steinbach* v. *Relief Fire Ins. Co.*, 77 N. Y. 498; S. C. 12 Hun, 640. In such cases the plaintiff should take a dismissal in the nature of a nonsuit before final submission on the merits.

The former suit was dismissed, in this instance, by the court, after the plaintiff's case was submitted; but it is not material that the judgment was in form one of dismissal if it was in fact determined on the merits. *Boom* v. *St. Paul Foundry Co.*, 33 Minn. 253, (22 N. W. Rep. 538.) It is claimed by the defendant, and was so held by the trial court, that it was so determined as upon a final submission of the case; but, as the question is not raised or argued by the appellant, we do not consider it here.

Judgment affirmed.