## MIDDLETON v. NIBLING et al.

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1911. Rehearing Denied Jan. 10, 1912.)

1. VENDOR AND PURCHASER (§ 265*) — VENDOR'S LIEN — PURCHASERS FROM VENDEE — ASSUMPTION OF DEBT—LIABILITY—PERSONS BOUND—PERSONS NOT PARTIES.

A suit by the original vendor and mortgagee against a remote vendee, who had assumed payment of the purchase money notes, brought after suing the original maker and other vendees, to recover judgment and sell the land for a part of the debt, was to recover the unpaid balance of the debt, and not the unpaid balance of the judgment in the other suit, to which such remote vendee was not a party.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 265.*]

2. JUDGMENT (§ 628*) — MERGER — JUDGMENT AGAINST JOINT OBLIGORS.

A judgment against one of several joint obligors does not merge the debt in the judgment, so that a subsequent suit may be maintained against the other obligors under Rev. St. 1895, art. 1203, providing that any principal obligor in any contract may be sued alone or jointly with any other party liable on the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1144; Dec. Dig. § 628.*]

3. VENDOR AND PURCHASER (§ 265*)—EXISTENCE OF RELATION.

While the relation between a subvendee, who assumes the debt on the land, and his

grantor, is that of principal and surety, as to the original grantor and payee of the debt, the subvendee is a joint and several obligor, under the rule permitting one for whose benefit a promise is made to sue the promisor in his own name.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 265.*]

4. JUDGMENT (§ 584*)—BAR.

Plaintiff sold land and took in part payment vendor's lien notes, and the land was afterwards transferred several times; each successive purchaser assuming the debt. Plaintiff sued the original vendee and the ultimate vendees, and obtained personal judgment against the makers of the notes and judgment foreclosing the lien, but the proceeds of the sale left a balance, to recover which plaintiff brought the present action against defendant, an intermediate vendee, not knowing until after the judgment in the former suit that defendant had assumed the debt upon purchase. It appeared that defendant was notified, before the sale of the land in the former suit, when it would be sold, and that plaintiff would look to him for any unpaid balance. Held, that the former suit was not a bar to the present action; the judgment sought against defendant not being inconsistent with that in the former suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1079–1091; Dec. Dig. § 584.*]

5. JUDGMENT (§ 540*)—BAR.

A final judgment is a bar to a subsequent action only upon the grounds of res judicata and estoppel.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 540.*]

6. JUDGMENT (§ 713*)—RES JUDICATA.

To be res judicata, the very point in issue in the subsequent suit must have been actually adjudicated, or subject to adjudication, under the pleadings in the former suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

7. JUDGMENT (§ 717*)—RES JUDICATA.

A judgment for the debt in favor of the holder of a vendor's lien note or mortgage debt will not prevent a subsequent suit to foreclose the lien, if foreclosure is not asked in the former suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1248; Dec. Dig. § 717.*]

8. JUDGMENT (§ 540*)—ESTOPPEL.

To make a judgment work an estoppel, the remedies which plaintiff had when he brought the former suit must have been inconsistent; or it must appear that a judgment in the second suit will work some injury to defendant because of plaintiff's choice of remedies in the first suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 540.*]

9. PLEADING (§ 214*)—DEMURRER—EFFECT.

A demurrer to the petition admits all of its allegations as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

Appeal from Runnels County Court; R. S. Griggs, Judge.

Action by M. P. Middleton against G. W. Nibling and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Stone & Wade, for appellant. Wright, Wynn & Bartholomew, for appellees.

---

### Findings of Fact.

JENKINS, J. The Miles Hardware Company purchased a tract of land, and in part payment thereof executed its vendor's lien notes; the deed expressly retaining a vendor's lien to secure the payment of said notes. It conveyed the land to R. E. Wilkerson; Wilkerson conveyed to appellee G. W. Nibling, who in turn conveyed the same to W. J. and Blanche Farmer; the various purchasers each in turn assuming the payment of said notes, as shown by the deeds executed to them. Appellant brought suit on said notes against the Miles Hardware Company, makers, and against W. J. and Blanche Farmer, the last purchasers, who were in possession of said land at the time said suit was brought. In said suit judgment was asked and obtained against the makers for the amount due on said notes, and against all parties to said suit as to the foreclosure of said lien. No personal judgment was sought against the Farmers in that suit. The land was sold under order of sale issued in said suit, and the amount realized from such sale was credited upon said judgment, leaving a balance of $151.36 due the plaintiff in that suit, and the appellant herein. Appellant brought suit in the justice's court against appellee Nibling for such unpaid balance. In the justice's court, judgment was rendered for appellee upon demurrer, and upon appeal to the county court a like judgment was rendered.

The substance of the demurrers was that, appellant having elected to sue only the maker of the note, in so far as a moneyed judgment was sought, thereby elected to not accept the promise of appellee Nibling to pay said debt, but elected to proceed against the maker of the note only, and was estopped from recovering in this suit against appellee.

### Opinion.

[1, 2] 1. We do not think there is any merit in the contention of appellee that this is a suit to recover the unpaid balance on a judgment to which appellee was not a party. It is a suit to recover the unpaid balance of a debt, and the judgment against the maker of the note is pleaded only as showing the balance due on said debt. A judgment against one of several joint obligors does not merge the debt in said judgment, and a subsequent suit may be maintained against one or more of the other obligors. R. S. 1895, art. 1203; Bute v. Brainerd, 93 Tex. 137, 53 S. W. 1017.

[3] 2. If the appellee herein was a joint obligor with the original maker of the note, the doctrine of election insisted upon by him can have no application under our statute above cited. It is contended by the appellee that "the relation of the subvendee, who assumes a debt against the premises conveyed and his grantor, as between each other, and as between the mortgagee or holder of the indebtedness, is that of principal and surety, and not that of joint and several obligors." This is true as between themselves, but not true as to the original payee. In such case the land is the primary fund for the payment of the debt. If the subsequent vendee does not pay the debt which he has assumed, and the land does not bring sufficient amount to pay such debt, and his grantor pays the remainder, he may have judgment against his grantee, upon the theory that his grantee became obligated to him to pay said debt, and that he occupies the position of surety to his grantee; but, as to the original grantor, all subsequent vendees who have assumed to pay the debt are joint and several obligors. This by virtue of what is known as the "American doctrine" that one for whose benefit a promise is made may sue the promisor in his own name. Eng. & Am. Ency. Law, vol. 20, p. 994; Spann v. Cochran, 63 Tex. 240, and authorities there cited.

[4] 3. As above stated, judgment was rendered against appellant in the court below upon demurrer. The principal issue raised by said demurrer is as to whether or not the judgment in the former suit, hereinbefore referred to, was a bar to this action.

[5, 6] A suit prosecuted to final judgment is a bar to a subsequent suit only upon one of two grounds, viz., res adjudicata and estoppel. It could not be successfully contended that the former suit was res adjudicata of the matter involved in this suit. In order for a suit to be res adjudicata as to the matter involved in a subsequent suit, it must appear that the very point in issue was adjudicated in the former suit, or could have been adjudicated under the pleadings in such suit. Teal v. Terrell, 48 Tex. 508; Philipowski v. Spencer, 63 Tex. 607, 608. And it does not matter that such issue might have been litigated in the former suit under proper pleadings, if in fact the issue was not raised by the pleadings. Pishaway v. Runnels, 71 Tex. 353, 9 S. W. 260.

[7] It is well settled in this state that the holder of a vendor's lien note, or a debt secured by mortgage, may bring suit on the same and obtain judgment for the debt; and if no foreclosure is asked in such suit he may subsequently maintain a suit to foreclose his lien. Kempner v. Comer, 73 Tex. 202, 11 S. W. 194, and authorities there cited. Also Maxwell v. Bank, 24 S. W. 848.

[8] 4. In order for a prior judgment to operate as an estoppel to a subsequent suit, it must appear, either that the plaintiff had choice of inconsistent remedies—that is, that he was entitled to either of two remedies, but not to both, such, for instance, as to affirm or disavow the authority of an agent to represent him, to affirm or disavow a contract obtained from him by fraud, to rescind or affirm an executory contract, etc., and that in bringing the former suit he made choice of such remedies—or that the defendant in the second suit will suffer some injury,

if the plaintiff be permitted to have judgment therein which he would not have suffered but for the course pursued by the plaintiff in the first suit. In fact, in the final analysis, which need not be here elaborated, the two cases rest upon the same basis, which is that last above given.

5. Appellee relies upon the case of Ward v. Green, 88 Tex. 177, 30 S. W. 864. Language is used in that case which would seem to justify appellee's contention, but, in order to determine what was really decided in a case, it is often necessary to look to the whole opinion and the facts involved, and such is true of the Ward-Green Case. The language referred to is shown by the following excerpt from said opinion: "Where a party has a choice of remedies upon a cause of action, pursues one of them to final judgment, he thereby makes an election by which he must be held to be estopped; and he cannot have successive suits against the same parties, in order to determine whether or not he might recover upon a phase of the case not presented in the first action." The phrase, "he cannot have successive suits against the same parties," etc., must be understood with limitations, as is shown by the authorities above cited with reference to suits to recover a debt and subsequent suits to foreclose a lien. The expression, "where a party has a choice of remedies," must also be taken with this qualification—that such remedies must be inconsistent. This is shown by the authorities cited by the court, viz.: Priestly v. Fernie, 3 H. & C. 977; Kingsley v. Davis, 104 Mass. 178; Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 Am. St. Rep. 624; Martin v. Boyce, 49 Mich. 122, 13 N. W. 386; Toope v. Prigge, 7 Daly (N. Y.) 208; Gillett v. Lee et al., 2 Posey, Unrep. Cas. 743; Bigelow on Estoppel, 116; 2 Black on Judg. § 632; Moore v. Gammel, 13 Tex. 120; Burson v. Blakeley, 67 Tex. 5, 2 S. W. 668.

In Priestly v. Fernie, supra, a debt had been incurred by the master of a vessel. Suit was brought against him and judgment obtained, and he was arrested and imprisoned. Subsequently he was discharged in bankruptcy, and the plaintiff brought another suit against the owner of the vessel. The point involved was that one may sue the agent where the principal is not disclosed; or, upon discovering the principal, he may sue him. Bramwell, Baron, said: "One may sue the agent or the principal, but he must make his election." This is true, because the debt of an agent is not his debt. When he is sued upon a contract made in his own name, judgment may be obtained against him as though it was his debt, for the reason that, not having disclosed his principal, and having dealt in his own name, he is estopped from denying the transaction was his. But it is manifest in such case that the creditor could not recover such debt against both principal and agent.

This was the issue involved in Kingsley v.

Davis, supra. The husband in that case made a contract with an agent for the sale of property. The agent, having made the sale, sued the husband for the commission, and obtained judgment against him. Subsequently the agent brought suit against the wife, who was in fact the owner of the property. In addition to the principle of principal and agent, there was involved the question of joint obligors. The contract was made in the presence of the wife. The court said: "The judgment which has been taken against one joint debtor is a bar to any future action against the other." 104 Mass. 179. This, by virtue of our statute, would not be true in this state.

In Thomas v. Joslin, supra, plaintiff brought suit upon a contract, and obtained judgment for enforcement of the same. He afterwards brought suit to reform the contract. The court said: "It is evident that the two actions cannot proceed pari passu to trial and to final judgment in the same court, and that plaintiff in such case would be compelled to elect and be bound by his election." Of course, one could not enforce a judgment upon a contract in the form in which it appears to have been made, and afterwards have the contract reformed, so as to make it a different contract, and enforce the reformed contract.

In Martin v. Boyce, supra, there was a contract upon which the plaintiff was not bound, except upon his affirmance of the same. He brought suit to rescind the contract, and obtained judgment to that effect. Afterwards he brought suit to enforce the contract, and it was held that he was estopped from so doing.

In Toope v. Prigge, supra, plaintiff brought suit to recover amount alleged to be due him for material furnished in building a house. He sued the owner and a subcontractor, and asked that his debt be established and his lien foreclosed. Other lienors intervened in that suit. Prigge answered that he had contracted with Thornton to build the house for $10,500, and that he still owed $1,500 on the same, and offered to pay said amount to the party entitled to the same. Prior lienholders were adjudged entitled to the remainder due on the contract. Subsequently plaintiff sued Prigge for the debt. In this case it was held that he was not entitled to recover in the subsequent suit on the doctrine of res adjudicata.

Black on Judgments, supra, states that parties will not be permitted to assume inconsistent positions in successive litigation, and cites in support of the text the cases of Thomas v. Joslin and Martin v. Boyce, supra.

As to the Texas cases, in Gillett v. Lee et al., supra, suit was brought to distribute an estate alleged to belong to the grandfather of the parties to that suit. Mrs. Mason recovered a large part of the estate in that suit. Afterwards she brought a second suit for partition of said estate, alleging that a

portion of the same belonged to her grandmother. The court held that, inasmuch as she, in common with the other parties to the first suit, chose to treat the entire estate as belonging to the grandfather, she would not be heard, in a subsequent suit, to allege that a part of the same belonged to her grandmother.

In Moore v. Gammel, supra, plaintiff filed his oath and claimant's bond as to property which had been levied upon by the sheriff. Subsequently he sued the sheriff in tort for making such levy. It was held that in filing the claimant's bond he had waived the tort.

In Burson v. Blakeley, supra, it was held that a party to an executory contract who had right to disaffirm the same must do so in whole, or not at all; and that he could not disaffirm the contract in part and enforce it in part.

Thus it will be seen that in all of the cases cited in Ward v. Green, except the case of Toope v. Prigge, which went off on the doctrine of res adjudicata, the remedies of which the party had choice were inconsistent with each other; and in the quotation above made from said case it is evident that the court had in mind only those remedies which were inconsistent with each other. This has been held in a number of other Texas cases. In Avery v. Loan Agency, 62 S. W. 793, and in Cameron v. Hunter, 92 Tex. 492, 49 S. W. 1050, it was held that foreclosure of a mortgage by suit was inconsistent with the right to foreclose under the power of sale, for which reason the election of one of said remedies was a bar to the other.

6. The decision in Ward v. Green rests upon the doctrine of estoppel. The court in that case said: "The action of Green may have put the Wards in a position to suffer loss which otherwise they could have avoided. If the agreement was not to be enforced, and the only question was whether or not they should lose the land, without personal responsibility for the unpaid balance of the debt, it might have been considered wise to give up their interest in the land, rather than to bid upon it the amount of the debt; Whereas, if they had been notified that they were to be held liable for half of what the land did not bring at public sale, they might have deemed it advisable to make the land bring the debt, or at least its real value." We do not gather from the opinion what particular facts the court deemed sufficient to justify the Wards in concluding, by reason of what occurred in the first suit, that their agreement to pay one-half of the mortgage debt was not to be enforced against them; but such being the fact, as the court in effect found, it can be seen that Green was estopped from subsequently enforcing against the Wards their promise to pay one-half of the debt. None of the cases cited by the court in Green v. Ward go further than to hold that, where a party has a choice of inconsistent remedies, he is bound by his election; and we have been cited to no case, nor have we found any, which goes farther than this. These cases are not applicable to the instant case, for the reason that the judgment sought against appellee in this case is not inconsistent with the judgment sought and obtained in the former suit.

[9] 7. This case was decided in the lower court, as hereinbefore stated, upon demurrer, and for the purpose of this case all of the allegations in plaintiff's petition must be taken as true. Under said allegations, this case is distinguished from the case of Ward v. Green, supra, not only in the fact that in that case Ward was a party to the original suit, and that in the instant case appellee was not a party to the original suit, but in the further fact that it appears from the decision in the Ward-Green Case that Green had information that Ward had assumed the indebtedness prior to the rendition of the judgment in the original case; the court saying: "He could have amended and set up that cause of action against the Wards." It is alleged in this case that the plaintiff did not know that the appellee had assumed said indebtedness until after judgment in the original case.

8. This case is further distinguished from the Ward-Green Case, in that the court in that case held that plaintiff was estopped, for the reason that, "if they [the Wards] had been notified that they were to be liable for half of what the land did not bring at public sale, they might have deemed it advisable to make the land bring the debt, or at least its real value."

In this case it is alleged that appellee was notified, prior to the sale of the land, when the land would be sold, and that appellant would look to him for the unpaid balance, if the land did not bring the amount of the judgment.

For the reasons hereinbefore stated, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.