[Civ. No. 3117. First Appellate District, Division One.—January 20, 1920.]

## GEORGE P. THRESHER et al., Appellants, v. WESLEY CLARK et al., Respondents.

[1] ELECTION OF REMEDIES—BREACH OF RESTRICTIVE BUILDING COVE-NANTS—ELECTION TO COMPEL SPECIFIC PERFORMANCE—WAIVER OF RIGHT TO CLAIM DAMAGES.—The parties to a contract for the sale of a building lot having elected to resort to equity to enforce certain restrictive building covenants contained in the contract, and having obtained judgment therein, may not thereafter maintain an action at law to recover the sum specified in the contract as damages for the breach of such covenants.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon F. Moss for Appellants.

Edwin A. and Shirley E. Meserve, Hunsaker, Britt & Edwards and W. E. Mitchell for Respondents.

RICHARDS, J.—This action was brought to recover the sum of ten thousand dollars as liquidated damages for a breach of certain restrictive building covenants contained in a contract for the sale of a building lot, forming part of a tract of land known as Westmoreland Place, situated in the city of Los Angeles, California.

---

1. Election as between remedies at law and in equity, note, **Ann. Cas.** 1914B, 1218.

The facts are fully stated in the case of *Miles* v. *Clark,* 44 Cal. App. 539, [187 Pac. 167].

In that case plaintiffs herein were interveners, and they there sought and obtained the specific performance of the contract for a breach of which they are in this action seeking damages. This action was brought after the Miles suit was instituted. Upon its institution the defendants herein filed an amended answer in the Miles case, in which they set up the contract here sued upon, and pleaded as a separate defense to the complaint in intervention that as the present plaintiffs had brought this action they had thereby elected to sue for damages, and had no right to seek the relief asked by their complaint in intervention in the Miles case, viz., specific enforcement of that contract. Plaintiffs herein disposed of that defense by obtaining a finding from the court in that case that they had elected to pursue the remedies prayed for by them in their complaint in intervention in preference to any other remedies to which they might have been entitled in the premises.

In the case at bar the findings of the trial court are: (1) That none of the allegations of the plaintiffs' complaint are true; (2) that by reason of the pendency of the action of *Miles* v. *Clark,* and by reason of the findings therein, ever since the entry of said judgment the plaintiffs in this action are barred from further proceedings herein upon the cause of action for liquidated damages set out in their complaint.

Respondents urge that the judgment in this case should be affirmed:

(1) For the reason that there is no pretense in plaintiffs' pleading of their having suffered any actual damage; that neither the nature of the case made by the complaint, nor of the contract on which plaintiffs have sued, make it impracticable or extremely difficult to fix plaintiffs' actual damage, if there be any, and that, therefore, the case is not one permitted by the statute for liquidated damages.

(2) That in the action of *Miles* v. *Clark,* plaintiffs having obtained a judgment which gives them all they would have obtained had the covenant, for the breach of which they sue herein, been fully kept and performed, they cannot have the fruits of the covenant and also damage for the loss of these fruits.

(3) That the nature of the contract is such that the ten thousand dollars claimed is a penalty.

[1] Whether the contract is one for liquidated damages or a penalty is immaterial, for, in either case, the plaintiffs waived their action at law when they elected to resort to equity to enforce their agreement. . Under their pleadings they are not entitled to both remedies, and cannot, therefore, carry both actions to judgment and satisfaction. Having availed themselves of their equitable remedy and recovered judgment thereon, they thereby foreclosed themselves from the further prosecution of this action. (*Abbott* v. *The 76 Land & Water Co.*, 161 Cal. 42, [118 Pac. 425]; *Glock* v. *Howard*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Thomas* v. *Joslyn*, 36 Minn. 1, [1 Am. St. Rep. 624, 29 N. W. 344].)

The judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1920.

All the Justices concurred.