## RUSHING et al. v. HALL.
### No. 9953.

Court of Civil Appeals of Texas. Galveston.
July 12, 1934.

Rehearing Denied July 31, 1934.

J. B. Clegg, of Houston, Tom F. Coleman, of Henderson, and W. S. Poston, of Lufkin, for appellants.

W. B. Thomas, of Groveton, for appellee.

PLEASANTS, Chief Justice. ·

This is a suit by appellee against appellants to recover the sum of $1,149.80, with interest and attorney's fees, alleged to be amount due upon four promissory notes, three of which were executed by appellants and the fourth assumed by them by written instrument, and all of them having been sold and transferred by the payees thereof to appellee in due course of trade, and owned and held by him. All of these notes were secured by a vendor's lien upon a tract of land containing 16 acres, situated in Trinity county. The first of these notes, and each of the remaining two executed by appellants in part payment for the land before mentioned, contains the following recitals:

"And it is specially agreed that if this note is placed in the hands of an attorney for collection, or if collected by suit or through the Probate Court, we agree to pay ten per cent. additional on the principal and interest then due thereon as attorney's fees.

"The insurance clause incorporated in said deed of conveyance is adopted and made a part hereof.

| Consideration: | | When Due |
|---|---|---|
| Cash, | $300.00 | Oct. 1, 1930. |
| Note No. 1, | $200.00 | Oct. 1, 1931. |
| Note No. 2, | $225.00 | Oct. 1, 1932. |
| Note No. 3, | $225.00 | |
| Note assumed, | $750 | |
| Total, · | $1700.00 | |

"Blanche · Rushing.
"D. B. Rushing."

The petition alleges, in substance, the following facts: That, in addition to the ven-

dor's lien contained in the deed by which the 16 acres of land was conveyed to appellants, they executed a deed of trust upon the land to secure their vendor, E. H. Collier, in the payment of the notes for $200, $225, and $225, respectively, which were payable to said Collier, and which were held and owned by the appellee; that, default having been made in the payment of the first of said notes, the trustee, pursuant to the powers conferred upon him by the trust deed, acting on the request of appellee, proceeded to advertise and sell said land on February 3, 1931, in accordance with the terms and provisions of the deed of trust; that at such sale appellee was the highest bidder, and became the purchaser of the land on his bid of $800, which amount was duly credited upon the notes executed by appellants, and that the balance due upon said notes and the $750 assumed by appellants is the sum of $1,149.80, for which he sues and prays judgment, together with the attorney's fees and interest stipulated in the notes.

In addition to a general demurrer and general denial, defendants specially pleaded limitation of four years in bar of plaintiff's suit upon the note for $750.

They further pleaded, in substance, that plaintiff was not entitled to maintain this suit against them because the petition shows upon its face that plaintiff held two mortgages or purported mortgages upon the 16-acre tract of land described in his petition, and "has elected to pursue and convert to his own use and benefit one of the remedies held by him and has attempted to sell the property under the deed of trust which is set out in plaintiff's petition, (and that by so electing) he has abandoned his right to recover on said notes." They further pleaded, in substance, that the deed of trust was only executed for the purpose of securing the first three notes before described, and that the $800 for which the land was bid in by plaintiff at the sale under the deed of trust was more than enough to pay the amount due upon said three notes, and that plaintiff is indebted to defendants for the difference between the amount due upon the three notes and the $800 for which the land was sold, with 6 per cent. interest from the time of such sale. They further pleaded, in substance, that the two mortgages or liens held by plaintiff on the land were inconsistent with each other, and, having elected to pursue his deed of trust lien, he is now estopped from seeking further relief against these defendants; "that when said plaintiff became the purchaser at said deed of trust sale, that extinguished the debt in so far as these defendants were concerned on the vendor's lien, as well as the deed of trust lien, and that this suit is now on same notes or same purported indebtedness, against the same parties and involving the same subject matter; that said subject matter has once been used to extinguish said debt, so that now these defendants are not liable to the plaintiff in the sum of anything, and plaintiff is now, in so far as asserting or seeking a judgment against these defendants, without remedy, having had two and elected to use one to the extinguishment of the other."

The remaining eleven pages of defendants' sixteen-page answer and cross-action is devoted to a claim for a credit of $225 on the amount due plaintiff because of the delivery by defendants to J. B. Clegg, the agent of plaintiff, of a check received by defendants from J. S. Thomas for rent of the land for the year next prior to the maturity of the $200 note held by him, which check it is averred was collected by plaintiff and converted to his own use and benefit, "well knowing that said check for $225.00 was put aside and specially deposited with said Clegg for the sole and exclusive purpose of paying said note No. 1 held by plaintiff, * * * and was more than sufficient for that purpose."

Plaintiff replied to this answer and cross-action by a general demurrer and general denial, and by special exceptions, the nature of which are immaterial in the determination of the questions presented by this appeal.

Thereafter defendants filed what is termed a supplemental petition and answer by which they seek to have the sale under the deed of trust and the conveyance of the land by the trustee to plaintiff set aside, and to recover title and possession of the land.

This pleading is not in reply to any pleading of the plaintiff, but sets up an additional ground for relief and recovery of additional damages to those prayed for in defendants' original cross-action, which could only be properly pleaded by an amended answer and cross-action filed with leave of the court. The record does not disclose that such leave was granted or requested.

The pleadings of defendants are voluminous and redundant, and the attorney for plaintiff was thus induced to unnecessarily extend his pleadings. The record presented to this court is prepared in the most haphazard manner and with little regard for the rules relating thereto, and as a consequence is confusing, and incomplete in some particulars. We think, however, the foregoing statement of the plead-

ings sufficiently presents the nature of the case, and shows the pertinency of the questions presented in appellants' brief.

The case was submitted to a jury upon special issues. The jury found in response to the first special issue submitted that notices of the trustee's sale were posted in three public places, one of which was at the courthouse in the city of Groveton, for 21 days prior to February 3, 1931. The only other issues submitted to the jury was what was the average rental value of the 16 acres of land, sold under the deed of trust, for the years 1931 and 1932. This issue was not answered by the jury.

Upon the verdict rendered by the jury, the court on motion of the plaintiff rendered judgment for him for the sum of $1,264.78, this amount being the balance due on the three notes for which the land was sold under the deed of trust on February 3, 1931, after crediting the notes with the amount realized by the sale, and the amount due upon the $750, with interest and attorney's fees, as stipulated in all of said notes. The court further adjudges and decrees:

"And it further appearing to the court that the tract of land for which the above notes were given was purchased by the defendant, Blanche Rushing, for the benefit of the community estate of herself and her husband, D. B. Rushing, and it further appearing to the court that Blanche Rushing and D. B. Rushing executed the notes sued upon herein in part payment for the said tract of land, being 16 acres of the M. G. Castro survey in Trinity County, Texas, for the benefit of the community estate, and that the plaintiff is entitled to a judgment against the defendants, Blanche Rushing and husband, D. B. Rushing, in their community capacity and that the plaintiff is entitled to a personal judgment against D. B. Rushing for the balance due on said notes in the aforesaid sum of Twelve Hundred Sixty-four and 78/100 ($1264.78) Dollars, but that the plaintiff is not entitled to a personal judgment against the said Blanche Rushing.

"It further appearing to the court that the defendants filed a cross-action in said suit seeking to have the trustee's sale heretofore made on February 3, A. D. 1931, set aside and for damages against the plaintiff herein.

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, J. F. Hall, do have and recover of and from the said defendants, Blanche Rushing and D. B. Rushing, the sum of Twelve Hundred Sixty-four and 78/100 ($1264.78) Dollars, with interest thereon from this date at the rate of 8 per cent per annum and that the cross-plaintiffs, Blanche Rushing and D. B. Rushing, take nothing by their cross-action herein and that the plaintiff's title be and the same is hereby quieted as to the said 16 acres of land fully described in plaintiff's original petition, being the 16 acres of the M. G. Castro survey in Trinity County, Texas, in accordance with the jury's findings and that the trustee's sale be and the same is hereby held valid and legal and that plaintiff's title be quieted herein, but no personal judgment is rendered against Blanche Rushing.

"It is further ordered, adjudged, and decreed by the court that the plaintiff recover his costs in this behalf expended and that he have his execution against Blanche Rushing and D. B. Rushing in their community capacity and against D. B. Rushing individually."

The undisputed evidence shows that the 16 acres of land, for a part of the purchase price of which the three notes before described were given, was purchased by Mrs. Rushing as the agent of her husband, the deed to her vested title in the community of herself and husband. Each of the three notes were executed by both defendants, and each of them recite the assumption by both defendants of an outstanding note executed by their vendor, Collier, when he purchased the land, on September 6, 1924, from J. H. McDonald and wife; the amount due on this note when assumed by defendants being the sum of $750. These three notes, which contain the written promise of the defendants to pay the $750 note, were executed on August 15, 1929. Plaintiff's original petition was filed October 12, 1932.

The appellee was the holder and owner of all of these notes and the liens by which they were secured at the time of sale under the deed of trust, and is and was the holder and owner of the balance due on the notes.

■ Under the first three propositions presented in appellants' brief, it is very earnestly insisted that plaintiff, by pursuing his remedy of sale of the land under the deed of trust for the amount due on the three notes to secure which the trust deed was executed, estopped himself from suing defendants to recover the balance due upon the three notes, and also the amount due upon the $750 note assumed by the defendants. We cannot agree with appellants' counsel in this view of the law applicable to the facts of this case.

The right given plaintiff by the deed of trust to sell the land and apply the proceeds to the payment of the three notes was cumulative of his right to sue upon the notes and fore-

close his vendor's lien, and, when he chose that method of subjecting the land to the payment of his notes, he estopped himself from pursuing his remedy by suit to foreclose his vendor's lien, but we do not think it can be held that he was further estopped to sue and recover the balance due him on the three notes secured by the deed of trust, nor the amount due upon the $750 note, the payment of which appellants had assumed by written instrument. Certainly the parties to the deed of trust never contemplated that, if the land failed to sell for enough to pay the three notes, the holder of the notes and the deed of trust must accept the proceeds of the sale in full satisfaction of the three notes and all other indebtedness of defendants secured by a lien on the land. There is to our minds no rule of equity, law, or reason requiring such effect to be given the sale of the land under the provisions of the deed of trust.

The only case cited by appellants which tends in the least to sustain their contention is Ward v. Green et al., 88 Tex. 177, 30 S. W. 864, 865. In that case Green and others jointly interested with him in the subject-matter of the litigation instituted a suit against the defendants Ward and others to foreclose a lien for the balance due on an indebtedness assumed by the defendants as part payment for land conveyed to them by T. A. Gray, which indebtedness was secured by deed of trust upon 6,000 acres of land in San Saba county, and other property. This indebtedness was evidenced by a note for $5,000 executed by Leigh Burleson and T. A. Gray. The title to the land was held in the name of Leigh Burleson, but Gray owned a one-half interest in the land. This note and deed of trust was executed on May 1, 1886. On the 6th day of July, 1887, Gray conveyed his one-half interest in the land to the defendants Tom and W. K. Ward, and as part payment for the land the Wards contracted in writing to pay Gray's one-half of the $5,000 note executed by Burleson and Gray in favor of plaintiffs Green and others. On September 4, 1891, Green, as representative of the owners of the $5,000 note, brought suit against Burleson and Gray upon their note, and to foreclose the mortgage lien upon the land. Tom and W. K. Ward and Mrs. B. Burleson were made parties defendant as claiming some interest in the land, but no judgment was asked against them for the debt, and no allegation made as to the agreement of the Wards to pay Gray's one-half of the debt. Judgment was rendered in that suit against Leigh Burleson and T. A. Gray for the full amount due upon the note, and for foreclosure of the mortgage against all de-fendants, and providing for execution against Leigh Burleson for any balance of the judgment not satisfied by the sale of the land. Order of sale was issued, and the land was sold thereunder. The proceeds of the sale of the land was $2,816.30. Green and other owners of the balance of this indebtedness then brought suit in the district court of San Saba county against Tom and W. K. Ward and T. A. Gray to recover the balance due on the $5,000 note, and set out the assumption agreement before mentioned. All of the facts before stated were set out in the petition. The defendants Ward excepted to this petition on the ground that it showed that plaintiffs had theretofore sued upon the note and foreclosed the mortgage upon the land; that defendants Ward were parties to that suit, and no claim was made against them of liability upon the note, and for this reason plaintiffs could not maintain a second action against them on such claim, as that matter had been adjudicated in the former suit. The trial court overruled this exception, and his ruling was sustained by the Court of Civil Appeals, 28 S. W. 574. When the case reached the Supreme Court, Justice Brown, speaking for the court, in disposing of the question says:

"The only question before us is, did the court err in overruling defendants' exceptions to the plaintiffs' petition? It is unnecessary to cite authority for the proposition that Green had a right to sue Ward Bros. and Gray upon the note and the agreement made by Wards to pay it. However, Green was not bound to accept the promise of Wards to pay the note, but might sue Gray alone for the debt, or rather Burleson and Gray, and join Wards for the purpose of foreclosing the mortgage upon the land. It follows that Green had choice of two methods of proceeding in this matter: First, he could sue Burleson and Gray for the debt and foreclosure of the mortgage, joining Wards as claiming an interest in it; or, second, he could sue Burleson and Gray for the debt, joining Wards as defendants, and enforce their contract to pay one-half of the note, with a foreclosure of the lien of the mortgage upon the land. He chose the former course, and the question is, by his selection, is he estopped to resort, in a second suit, to the agreement made by Ward Bros. to pay one-half the note? * * *

"Where a party who has a choice of remedies upon a cause of action pursues one of them to final judgment, he thereby makes an election by which he must be held to be estopped, and he cannot have successive suits against the same parties in order to determine

whether or not he might recover upon a phase of the case not presented in the first action. Priestly v. Fernie, 3 Hurl. & C. 977; Kingsley v. Davis, 104 Mass. 178; Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344 [1 Am. St. Rep. 624]; Martin v. Boyce, 49 Mich. 122, 13 N. W. 386; Toope v. Prigge, 7 Daly, 208; Gillett v. Lee, 2 Posey, Unrep. Cas. 743; Bigelow, Estop., p. 116 et seq.; 2 Black, Judgm. 632; Moore v. Gammel, 13 Tex. 120; Burson v. Blackley, 67 Tex. 5, 2 S. W. 668."

It seems clear to us that the rule announced in the cited case applies only to a choice of remedies in suits, and is based upon the long-established equitable rule against a multiplicity of suits. When a plaintiff brings a defendant into court on a claim which plaintiff can enforce by two methods of court procedure and elects the method he desires to pursue, and such method fails to accomplish the results desired and anticipated, he cannot bring a second suit and seek to pursue the remedy discarded by him on his first suit.

If, instead of selling the land under the trust deed, plaintiff in this suit had brought suit on all of the four notes and foreclosed his vendor's lien on the land for the sums due on all of the notes, and had not in that suit sought judgment against defendants on their contract of assumption of the $750 note, the rule announced in the Green Case would estop him from now asserting a cause of action against defendants on their contract of assumption of the note. But, as before said, no such estoppel arises upon the facts of this case.

There was no error in rendering a judgment in favor of plaintiff against defendant D. B. Rushing for the full amount of the balance found to be due on the several notes. As before said, the pleadings and the undisputed evidence show that, while the purchase of the land was negotiated by Mrs. Rushing and the deed from Collier was made to her, she was acting in the transaction as the agent of her husband, and by his execution of the notes and the agreement to pay the $750 note he fully accepted and ratified the acts and agreements of Mrs. Rushing, and by the deed to her the land became a part of their community property, and the trial court properly so adjudged and held the husband and all the community property liable for the balance due upon the notes.

The facts disclosed by the record did not require the court to submit to the jury the issue of conversion by plaintiff of the $225 check delivered by Thomas to Clegg, as alleged by defendant, in payment of the amount due upon the note for $200 secured by the deed of trust, and appellants' complaint of the refusal of the court to submit such issue cannot be sustained.

Appellants next complain of the finding of the jury that notices of the sale of the land under the deed of trust were posted in three public places in the county of Trinity, one of which was at the door of the courthouse in the city of Groveton, on the ground that there is no evidence to support such finding.

This contention is based upon the facts that the towns of Groveton and South Groveton, while separately incorporated, have only one post office and are not separate public places in the county as contemplated in our statute relating to the posting of notices of a sale of land under a trust deed. The evidence shows that one of these notices was posted at the door of the courthouse in Groveton, and one on a lumber company's store near its lumber mill in South Groveton, and the third on an oil filling station at Midway, some miles west or northwest of Groveton, where several of the main roads leading out of Groveton branched or intersected.

We think this evidence was clearly sufficient to raise the issue of whether the notices were posted in three public places, and the finding cannot be disturbed on the ground that it has no support in the evidence.

There is no merit in appellants' claim that the plaintiff's suit on the $750 note was barred by the four-year statute of limitation. (Rev. St. 1925, art. 5527).

The undisputed evidence, as we have before stated, shows that the $750 note was not four years past due when the defendants executed their agreement to pay it, and this suit was filed in less than four years after the execution of such agreement.

The jury having found that notices of the sale of the land under the deed of trust were posted in three public places in the county, and the failure to comply with the statute in this respect being the only ground upon which the sale and conveyance of the land was sought to be set aside by the appellants, the question of the rental value of the land for the years 1931 and 1932 became wholly immaterial, and the trial court was authorized to render judgment upon this finding and relieve the jury of further consideration of the question of the rental value of the land.

We have considered all of appellants' propositions, and none of them present any suffi-

cient ground for a reversal of the judgment, and all of them are overruled without further discussion.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.